## Kreamer *v.* Perkiomen Railroad Company, Appellant.

*Negligence—Railroads—" Stop, look and listen"—Presumption—Evidence— Province of court and jury.*

In an action against a railroad company to recover damages for death at a grade crossing, the presumption is that the deceased did his duty to "stop, look and listen" before driving on the tracks. Whether that presumption is rebutted is for the jury, unless the evidence to the contrary is clear, positive, credible and either uncontradicted, or so indisputable in weight and amount, as to justify the court in holding that a verdict against it must be set aside as a matter of law.

In such a case it appeared that no one witnessed the accident. From measurements given by defendant's witnesses, it appeared that at a distance of fifteen feet from the track, the deceased if he had looked, could have seen 320 feet, and twelve feet from the track he could have seen 400 feet. The train was going at the rate of twenty to twenty-five miles an hour. The evidence was conflicting as to whether a whistle was sounded, or a bell rung. *Held*, that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued Jan. 30, 1906.   Appeal, No. 290, Jan. T., 1905, by defendant, from judgment of C. P. Montgomery Co., June T., 1903, No. 25, on verdict for plaintiff in case of Barbara Kreamer

v. Philadelphia and Reading Railway Company, amended to read Perkiomen Railroad Company.    Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ.    Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before WEAND, J.

At the trial the jury returned a verdict for the plaintiff for $2,500.

On a motion for judgment non obstante veredicto, under the Act of April 22, 1905, P. L. 286, WEAND, J., filed the following opinion:

Plaintiff's husband was killed at a grade crossing by defendant's engine, and her suit is to recover damages.    The accident occurred in the daytime.    No witness introduced by plaintiff witnessed the occurrence and the case, so far as she was concerned, went to the jury, upon the presumption that the deceased had stopped, looked and listened, and was free from contributory negligence.    Plaintiff contended that no proper notice of the approaching train had been given.

The evidence of defendant's witnesses, if believed, established the fact that proper notice of the approach of the train had been given, and that the deceased when crossing the tracks was not looking; and that the horse apparently was walking slowly without a driver.    The jury, however, found against the defendant on the contradictory testimony as to the blowing of the whistle, and the testimony of the engineer and fireman as to how the deceased made the crossing.

Defendant's request for binding instructions was refused.

The motion is for a new trial, and for judgment non obstante under the Act of April 22, 1905, P. L. 286.

This act was approved after the verdict, but we are treating the case as if it applied.

The contention of defendant is, that the legal presumption that the deceased stopped, looked and listened, is met by the evidence showing at what distance he could have seen the approaching train, and if he had looked immediately before going upon the track, or, when some distance from it, he must have seen it, and that this fact rebuts the presumption in his favor. The deceased was struck when about in the middle of the

tracks.  In Patterson v. Pittsburg, etc., Railway Co., 210 Pa.. 47, it was said: "In an action against a railroad company to: recover damages for death at a grade crossing, the presumption. is that the deceased did his duty to 'stop, look and listen' before driving on the tracks.  Whether that presumption is rebutted is for the jury, unless the evidence to the contrary is clear, positive, credible and either uncontradicted, or so indisputable in weight and amount, as to justify the court in holding that a verdict against it must be set aside as a matter of law."

Under this ruling should the court have sustained the defendant's request for binding instructions?  Does the evidence show such an unobstructed view as that the conclusion must inevitably follow that deceased did not do his duty?

From the measurements as given by defendant's witness, it appears that at the distance of fifteen feet from the track, where the "stop, look and listen" post is placed, the deceased, if he had looked, could have seen 320 feet, and at twelve feet from the track, he could have seen 400 feet.

The train was going at the rate of twenty to twenty-five miles an hour.  It is evident that if he had not stopped at either point with the engine visible, he was guilty of negligence. But even if he could see the distance named, but no engine. was in view and no whistle blown, it does not follow that he might not still have been struck.  If he saw no train and heard no whistle, he had the right to proceed, and we must accept the finding of the jury that no whistle was sounded at the proper place.

There was no testimony as to the character of the horse or of the speed when approaching close to the track.

In Schwarz v. D., L. & W. R. R. Co., 211 Pa. 625, our Supreme Court said: "In an action for death at a grade crossing, for the court to assume, in attempting to show by mechanical calculations, the contributory negligence of deceased, that the train was moving at a speed of forty miles per hour, and the wagon at a speed of two miles per hour if the evidence was disputed, was error."

The counsel for defendant has attempted to convince us by the relative speed of the train and the vehicle that the deceased must have seen the train if he had looked at the proper point,

and time. All this was submitted to the jury for their consideration in two trials, both of which resulted in verdicts for the plaintiff, under charges highly favorable to defendant.

In Schwarz v. R. R. Co., 211 Pa. 625, it was further said : " When a person crossing a railroad can only see a train approaching for 585 feet if he stops at the proper place, the railroad company should regulate the speed of its trains so as to make it possible for a driver to cross in safety if he has stopped, looked and listened at the proper place." This ruling would seem applicable to this case and answer the argument of defendant's counsel.

In Cromley v. Penna. R. R. Co., 208 Pa. 445, it was said: " It cannot be said that the driver saw the train or should have seen it, because it may have come into view in the 500 feet to which his line of vision was at first limited, after he had looked and started to cross." This ruling required the case to go to the jury. " The statement in the opinion in Carroll v. Penna. R. R. Co., 12 W. N. C. 348, that plaintiff's testimony should have been disregarded by the court because it stood alone, and was positively contradicted by the testimony of five wholly disinterested and unimpeached witnesses who had equally good opportunities of observation, has not since been approved and it cannot be on principle, because it overlooks the well-defined distinction between the province of the court and that of the jury : " Cromley v. Penna. R. R. Co., 211 Pa. 429.

We are therefore of the opinion that the motion for judgment non obstante veredicto and for a new trial upon the questions of law raised must be overruled.

It is also complained that the damages awarded are excessive. Deceased and plaintiff were about the same age, sixty-eight. His earning power was very limited and would naturally decrease with advancing years. The jury evidently capitalized the amount to which they thought the widow and family were entitled. If we assume that Mr. Kreamer would have lived ten years and allowing to his family $200 per year, $1,600 would be all, if not more, that they could lawfully claim.

And now, September 4, 1905, motion for judgment n. o. v. is overruled, and upon plaintiff filing a remittitur within ten days for all over $1,600 and costs, a new trial is refused. Otherwise a new trial is granted.

*Error assigned* was the judgment of the court.

*Montgomery Evans*, with him *John M. Dettra*, for appellant. —The evidence of contributory negligence was such that the case should have been withdrawn from the jury : Penna. R. R. Co. v. Beale, 73 Pa. 504 ; Kinter v. Penna. R. R. Co., 204 Pa. 497 ; Blotz v. R. R. Co., 212 Pa. 154 ; Gangawer v. R. R. Co., 168 Pa. 265 ; Corcoran v. R. R. Co., 203 Pa. 380 ; Holden v. R. R. Co., 169 Pa. 1 ; Urias v. Penna. R. R. Co., 152 Pa. 326 ; Myers v. B. & O. R. R. Co., 150 Pa. 386 ; Baker v. R. R. Co., 182 Pa. 336 ; Reading, etc., R. R. Co. v. Ritchie, 102 Pa. 425 ; Patterson v. Ry. Co., 210 Pa. 47 ; Dryden v. Penna. R. R. Co., 211 Pa. 620.

The presumption is that the trainmen of a railroad company performed their duty in the matter of giving signals when a train approaches a crossing : Keiser v. Railroad Co., 212 Pa. 409 ; Knox v. Ry. Co., 202 Pa. 504 ; Hauser v. Railroad Co., 147 Pa. 440 ; Urias v. Railroad Co., 152 Pa. 326.

*Louis M. Childs*, for appellee.

PER CURIAM, February 26, 1906 :

The judgment is affirmed on the opinion of the court below refusing a new trial.