# Miller *v.* Delaware, Lackawanna & Western Railroad Co., Appellant.

*Negligence—Railroads—Death at grade-crossing — "Stop, look and listen"—Presumption—Evidence.*

In an action against a railroad company to recover damages for death at a grade crossing, the presumption is that the deceased did his duty to stop, look and listen, before entering upon the tracks.   Whether that presumption is rebutted is for the jury, unless the evidence to the contrary is clear, positive, credible, and either uncontradicted or so indisputable in weight and amount, as to justify the court in holding that a verdict against it must be set aside as a matter of law.

In such an action the case is for the jury where the evidence tends to show that the crossing was largely used, and ordinarily protected by gates, that at the time of the accident no person was in attendance;   that the locomotive was running from forty to forty-five miles an hour;   that no whistle was blown nor bell rung, nor other warning given;   that the accident occurred about 6:40 on a September morning;   that the weather was foggy;   that the crossing was on a curve;   that the view of the train was obscured by objects near the tracks;   that deceased stopped at the usual place for observation, and hearing nothing proceeded on his travel; and that after having crossed one of the tracks, was struck on the second.

Argued March 6, 1917.   Appeal, No. 29, March T., 1917, by defendant, from judgment of C. P. Susquehanna Co., Nov. T., 1912, No. 182, on verdict for plaintiff

in case of Mary Miller v. Delaware, Lackawanna & Western Railroad Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband.

From the record it appeared that George Miller, plaintiff's husband was killed on September 7, 1912, at about 6:40 in the morning while he was crossing the defendant's tracks at the Main street crossing in the Borough of Hopbottom. The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,000. Defendant appealed.

*Error assigned,* amongst others, was in refusing to enter judgment for defendant n. o. v.

*J. H. Oliver,* with him *J. D. Miller* and *R. R. Reese,* for appellant.—When the circumstances are such that it appears clear that if a person while in a place of safety had observed his duty of stopping, looking and listening for oncoming trains, that he would have observed or heard such oncoming train, and where such person is struck at a crossing under such circumstances, by such oncoming train, the only conclusion that can be drawn is that the plaintiff failed to observe his duty at the crossing under such circumstances, and binding instructions should be given in favor of the defendant company: Carroll v. Penna. R. R. Co., 12 W. N. C. 348; Walsh v. Penna. R. R. Co., 222 Pa. 162; Shope v. Central Penna. Traction Co., 242 Pa. 207; Hamilton v. C. R. R. of N. J., 227 Pa. 137; Urias v. Penna. R. R. Co., 152 Pa. 326; Beach v. Penna. R. R. Co., 212 Pa. 567; Paul v. Philadelphia & Reading, 231 Pa. 338; Evans v. Penna. R. R. Co., 226 Pa. 370; Myers v. B. & O. R. R., 150 Pa. 386; Nelson v. P. C. C. & St. L., 57 Pa. Superior Ct. 541.

*Morton W. Stephens,* with him *W. A. Titsworth,* for appellee.—The question as to whether or not the decedent, George Miller, under all the evidence, circumstances and surroundings in this case was guilty of contributory negligence was for the jury: Muckinhaupt v. Erie R. R. Co., 196 Pa. 213; Penna. R. R. Co. v. Werner, 89 Pa. 59; Ayers v. Pittsburgh, Etc., R. R. Co., 201 Pa. 124; Longenecker v. Penna. R. R. Co., 105 Pa. 328; Kreamer v. Perkiomen R. R. Co., 214 Pa. 219.

OPINION BY ORLADY, P. J., July 13, 1917:

The plaintiff's husband was killed at a grade crossing by an engine of the defendant company. The trial resulted in a verdict in favor of the plaintiff, which was sustained after a full hearing by Judge SEARLES, (the trial judge, LITTLE, J., having died prior thereto). The principal reason urged for a reversal of the judgment is, that the plaintiff was guilty of contributory negligence.

There can be no doubt as to the rule of law to be applied to such a case: Strawbridge v. Hawthorne, 47 Pa. Superior Ct. 647, "In applying the test, the plaintiff must be given the benefit of every fact, and inference of fact pertinent to the issue, which the jury could legitimately find from the evidence before them;" and the duty of the court is as clearly defined in Kreamer v. Perkiomen R. R. Co., 214 Pa. 219, in which it is held that in an action against a railroad company to recover damages for death at a grade crossing, the presumption is that the deceased did his duty to stop, look and listen, before entering upon the tracks. Whether that presumption is rebutted is for the jury, unless the evidence to the contrary is clear, positive, credible, and either uncontradicted or so indisputable in weight and amount, as to justify the court in holding that a verdict against it must be set aside as a matter of law.

A jury would be warranted in concluding that the evidence shows, that the crossing on which the decedent was killed was largely used by the traveling public and

was ordinarily protected by gates, but at the time of this accident no person was in attendance; that the locomotive was running light, at a speed of from forty to forty-five miles an hour; that no whistle was blown nor bell rung, nor was there any other warning given. The accident occurred about 6:40, on a September morning, "when it was cloudy, foggy, kind of a wintry-dark morning"; that the crossing was on a curve, and the view of the approaching train was obscured by objects near to the railroad tracks; that the deceased stopped at the usual place for observation and not hearing an approaching engine proceeded on his travel, and after having crossed one of the tracks was struck on the second or southbound one.

We have carefully examined this record, and find ample evidence to warrant the conclusion reached by the jury; that the defendant was negligent, and that the decedent was not guilty of contributory negligence.

For the reasons more fully stated in the opinion filed by the court below in discharging the motion for judgment n. o. v., the judgment is affirmed.