# Williams v. Ludwig Floral Co., Appellant.

*Negligence—Automobiles—Scope of employee's authority—Business of employer—Case for jury.*

In an action against a corporation to recover damages for personal injuries sustained by being struck by defendant's automobile, a motion for judgment non obstante veredicto based on the contention that plaintiff had failed to prove that defendant's employee was operating the automobile in connection with its business at the time of the accident, was properly refused where it appeared that the name of the defendant was on the car, that the secretary of the company was operating it, and that though the accident occurred on Sunday the evidence showed that the defendant's store was open for business during that day, and that the car

was coming from the direction of the street on which the store was located.

Argued October 21, 1915. Appeal, No. 131, Oct. T., 1915, by defendant, from judgment of C. P. Allegheny Co., July Term, 1913, No. 1318, on verdict for plaintiff in case of Dixie Williams v. Ludwig Floral Company. Before BROWN, C. J., MESTREZAT, POTTER and MOSCH-ZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before DAVIS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,250.00 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in refusing defendant's motion for judgment n. o. v.

*Charles F. Patterson,* for appellant.

*W. E. Walsh,* for appellee.

PER CURIAM, January 3, 1916:

The main contention of the appellant is that the appellee failed to prove as part of her case that appellant's employee, at the time of the accident, was operating its automobile delivery wagon in connection with its business, and therefore the motion for judgment non obstante veredicto should have been allowed. The name of the defendant company was on the wagon; at the time of the accident the secretary of the company was operating it; though the accident occurred on Sunday, the evidence showed the defendant's store was open for business during that day and that the wagon was coming from the direction of the street on which the store was located. From these facts a fair inference for the jury was that the wagon was being operated in connection

with appellant's business at the time of the collision. Whether the presumption that it was being so operated had been overcome by the testimony of the witnesses called by the appellant was for the jury, its exclusive province having been to pass upon their credibility. The amendment of plaintiff's statement not having been necessary, no error was committed in allowing it.

Judgment affirmed.