# Holzheimer et ux., Appellants, v. Lit Brothers.

*Negligence—Automobiles—Truck—Defendant's name on truck—Presumption — Evidence — Affirmative defense—Case for jury—New trial.*

1. In a negligence case the fact that an automobile truck which collided with a pedestrian bore the name of the defendant company, is sufficient to establish not only a prima facies that the defendant was the owner of the truck, but that it was then in charge of defendant's servant or employee, and is sufficient to carry the case to the jury, even though there is direct testimony on the part of the defendant to rebut the presumption.

2. In such case where defendant's witnesses testified that the driver of the truck at the time of the collision was a stranger who took the car for his own pleasure while the regular driver was absent for a brief period and had left the car in charge of a delivery helper, who had nothing to do with the management or control thereof, such evidence was not of such conclusive and unimpeachable nature as would have justified binding instructions in defendant's favor.

Williams v. Ludwig, 252 Pa. 140, followed; Lonzer v. Railroad, 196 Pa. 613, not applicable.

Argued Jan. 17, 1918. Appeal, Nos. 229 & 343, Jan. T., 1917, by plaintiffs, from judgment of C. P. No. 3, Philadelphia Co., March T., 1916, No. 1233, for defendant n. o. v., in case of John A. Holzheimer and Lucy E. Holzheimer v. Lit Brothers. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Trespass to recover damages for personal injuries. Before DAVIS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff, Lucy E. Holzheimer, for $2,500, and for John A. Holzheimer for $1,000. The court subsequently entered judgment for defendant n. o. v.

*Error assigned* was the judgment of the court.

*Edmund W. Kirby,* of *Morris & Kirby,* for appellants. —Plaintiff's case raised an inference of fact for the jury. The court could not declare a full defense proved by oral testimony and take the case from the jury.

*F. B. Bracken,* for appellee.

OPINION BY MR. JUSTICE STEWART, July 17, 1918:

The plaintiffs are husband and wife who joined in this action to recover damages for injuries sustained by the latter under the following circumstances. The wife while walking on a public crossing extending from the south side of Allegheny avenue at the intersection of the avenue with Franklin avenue in the City of Philadelphia, between 7 and 8 o'clock on the evening of July 25, 1915, was run into and knocked down by an automobile delivery truck belonging to the defendant company, which it is claimed was being negligently driven and that her injuries resulted in consequence of such negligence. The negligence alleged was not made the subject of dispute on the trial, nor was any other feature of the plaintiffs' case that was developed by the evidence introduced. Had the case rested on plaintiffs' showing, and that alone, there could be no possible reason for disturbing the verdict returned in their favor. The defense set up was wholly outside the circumstances detailed by plaintiffs' witnesses, and denied nothing that had been averred; it was purely and distinctively affirmative in character, and the burden of establishing it rested on the defendant. In brief it was, that at the time the collision occurred the defendant company stood in no relation whatever to

the driver of the truck; that the latter was not an employee but a total stranger who had improperly, without the permission or indeed the knowledge of the defendant, taken and appropriated the truck for his own use and pleasure while the regular driver thereof, defendant's employee, was absent from the truck for a brief period while he left the truck standing in front of his home in the charge of a delivery helper, another employee who had accompanied the driver but who had no duties in connection with the management or control of the truck. The defendant offered evidence in support of its averments and upon this state of evidence, on one side and the other, the case was submitted to the jury with the result that a verdict was returned in favor of the plaintiffs. A motion for a new trial followed and also a motion for a judgment non obstante on the whole record. The former was discharged but the latter granted, and judgment for the defendant non obstante was entered on the ground, as stated by the court, "that the defendant had offered such positive testimony that to disregard it would be capricious; that the rule as laid down by the Supreme Court in the case of Lonzer v. Railroad (196 Pa. 613), is applicable, and the judgment should be entered for the defendant." The appeal is from the judgment so entered.

If the case would have warranted binding instructions for the defendant, then the court committed no error in entering the judgment, otherwise it was error. This is the only error assigned. So far as the liability of the defendant was concerned, the plaintiff's case rested wholly upon a presumption. There was no direct evidence as to who was the owner of the truck that inflicted the injury, nor as to who was in charge of it when the collision occurred. There was evidence, however, that the truck bore the name of the defendant company. This was sufficient to establish not only a prima facies that the defendants were the owners of the truck, but also that it was then in charge of their servant or employee.

This was presumptive evidence, and as has frequently been ruled, was quite sufficient to carry the case to the jury. As a presumption it was of course rebuttable, but this does not mean that it had any less probative force than it would have had had it rested on direct evidence. It shifted the burden of proof as to this one issue so that the burden rested thereafter upon the defendant. Except as overcome by countervailing evidence produced by the defendant it stood as a fact in the case. What was set up was an alleged fact which, if proved, defeated utterly the plaintiffs' prima facie case into which it had not even remotely entered; it was entirely new matter, but it raised no question of conflicting testimony; it was at no time a question between plaintiffs' witnesses and defendant's, but simply a question of the sufficiency of the testimony adduced by the defendant to overcome the presumption on which plaintiffs' whole case rested. No reason can be suggested why the general rule that commits the credibility of witnesses to the determination of the jury should not be applied in such case as it is where there is a conflict in the testimony. The case forms no exception to the general rule. The only question we have to consider is whether the evidence introduced by the defendants was of such conclusive and unimpeachable nature as would have justified binding instruction in its favor. Notwithstanding the presumption which arose in plaintiffs' favor, it will not be pretended that the court would have been warranted in giving binding instructions in their favor, only, however, for the reason that the other facts which went to make the plaintiffs' prima facie case depended on the credibility of the witnesses who testified to them, and that was a matter that could be determined only by the jury. Why should not the same rule apply here? It was made to apply in the quite recent case of Williams v. Ludwig Floral Co., 252 Pa. 140, a case on all fours with this. From all that there appears the testimony relied upon to overcome the plaintiffs' prima facie case in that case was no less strong than here,

but it came from living witnesses, and its value depended on their credibility, which was a matter within the exclusive province of the jury to decide. It was there held that there was no error in the court in refusing judgment non obstante. For the reasons stated discussion at length of the evidence submitted by the defendant is unnecessary, it needs only be said that it is not so exceptional in character as to take the case out of the operation of the general rule as here applied.

The judgment is reversed and it is ordered that the motion for a new trial be reinstated to be disposed of as right and justice under the law may require.