# Hartig, Appellant, v. American Ice Co. et al.

*Negligence—Automobiles—Ownership of truck—Business name on vehicle—Presumption as to ownership—Rebuttal—Evidence— Province of court and jury.*

1. In an action for injuries caused by an automobile, where the evidence produced by plaintiff, if believed, is sufficient to prove that he was injured by the negligence of one in charge of a business automobile, bearing the trade name of defendant, displayed thereon in such manner as trade or business names are usually placed on vehicles used for trade or business purposes, these facts are sufficient,

(a) To raise the presumption that the car in question was owned by defendant and was being used by the person in charge for defendant's business purposes, and

(b) Where negligence is so shown and such presumptions so arise, plaintiff is entitled to have the case submitted to the jury, (1) unless plaintiff himself shows that as a matter of fact the car did not belong to defendant or was not being used in the latter's business, or (2) unless defendant is able to point to evidence of "indisputable physical conditions," or "facts," or to show in the evidence some indisputable basis for "mathematical tests" which demonstratively overcome the presumptions in plaintiff's favor, or (3) where, in addition to uncontradicted oral evidence on the side of defendant showing no liability, there is admittedly genuine or unattacked documentary evidence which relieves defendant from liability.

2. In an action against a corporation to recover for personal injuries resulting from a driver of a truck negligently unloading the truck and striking plaintiff with a piece of large pipe, the case is for the jury, where the evidence for plaintiff, though contradicted, is in effect that the truck from which the pipe was being unloaded bore the business name of defendant, that the accident occurred on defendant's premises in the course of the reconstruction of its building, that the driver had been operating the car when it was driven on to defendant's premises, and where from testimony produced the inference might be drawn that the pipe belonged to defendants; albeit the evidence for defendant tended to show that it took no active part in the reconstruction work, that its trucks did not haul pipe to the building, and that it did not own a truck of the type described by plaintiff.

3. In such case it is immaterial that the driver at the time of the accident was not engaged in operating the car, but was engaged in unloading it after it had come to a standstill.

4. Oral evidence relied on by defendant to overcome a presumption sufficient to take plaintiff's case to the jury, must be submitted to that body to determine as to the credibility of the witnesses, the inferences to be drawn from their testimony, and the facts to be found therefrom, unless the testimony in question, being clear, positive, credible, uncontradicted and indisputable, shows physical facts, or forms the basis for mathematical tests which demonstratively govern the case in defendant's favor, when it may be so ruled as a matter of law.

5. Evidence for defendants cannot be said to be uncontradicted, where in essence it is largely contradicted by the very testimony of plaintiff which it is put in to meet.

Rule in Lonzer v. Lehigh Valley R. R. Co., 196 Pa. 610, explained.

*Practice—Trial—New trial—Verdict—Perverse verdict.*

6. If the trial court considers a verdict a perverse one, the appropriate remedy is at hand in its power to order a new trial.

*Pleading—Statute of limitations—Trespass—Act of May 25, 1887, P. L. 271.*

7. Since the Act of May 25, 1887, P. L. 271, the defendant in actions of trespass need not plead the statute of limitations.

8. The only plea in such action is "not guilty," and on that issue alone a defendant is to meet on the trial the cause of action against him as particularly set forth in plaintiff's statement.

9. Where evidence is conflicting as to whether plaintiff brought a suit in trespass within the time allowed by the statute of limitations, the case is for the jury.

*Appeals—Judgment n. o. v.—New trial—Reversal of judgment.*

10. The appellate court will, under appropriate circumstances, in reversing a judgment for defendant n. o. v., not direct judgment to be entered on the verdict, but order a motion for a new trial to be reinstated, to be disposed of by the court below as right and justice under the law may require.

Mr. Justice SCHAFFER dissented on the ground that the case of Lonzer v. Railroad, should rule this case.

Argued April 20, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 190, Jan. T., 1927, by plaintiff, from judgment of C. P. No. 3, Phila. Co., June T., 1925, No. 2131, for defendant n. o. v., in case of Herman S. Hartig v. American Ice Co., Inc., and William McCoach et al. Reversed.

Trespass for personal injuries. Before DAVIS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $7,000 on which judgment was entered for defendant n. o. v. Plaintiff appealed.

*Error assigned,* inter alia, was judgment for defendant n. o. v., quoting record.

*Harry A. Gorson,* for appellant.—The use of a business vehicle is presumed to be for its owner, and, when damage has been caused by the negligent operation thereof, a jury is the proper tribunal to pass on the credibility of oral evidence submitted to repel such presumption: Gojkovic v. Wageley, 278 Pa. 488; Sieber v. Ice Cream Co., 276 Pa. 340.

*Frank R. Savidge,* for appellee.—If, in the last analysis, the testimony of plaintiff as to the ownership and operation of the truck can be said to amount to a mere scintilla then under the decisions a mere scintilla of evidence is insufficient to take the case to the jury: Fissell v. Hines, Director, 78 Pa. Superior Ct. 179.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, May 19, 1927:

Plaintiff, Herman S. Hartig, was injured while working as an employee of a subcontractor in the construction of an ice plant for defendant, the American Ice Company. On the day of the accident, he was engaged in mixing paints on the first floor, some seven feet back from an open or exposed side of the building; this floor was about six feet above the ground level. Sometime

before, an automobile truck loaded with iron pipe had taken a position along this open side with its rear against the floor, near plaintiff. Hartig had his back to the truck, and, as he arose from a stooping posture, he was struck and injured by a piece of large pipe which the truck driver was unloading by pushing it from his car, lengthwise. Plaintiff brought this action against defendant ice company and also against two others, the general contractor and the plumbing subcontractor. At the close of plaintiff's testimony, nonsuits were entered as to the latter parties, who were not shown to have had anything to do with the accident. A verdict was rendered against the remaining defendant, but, notwithstanding this, the court below subsequently entered judgment in its favor, and plaintiff appealed.

Hartig testified that the truck from which the pipe was being unloaded bore the name of defendant ice company. This testimony, and the circumstances that the accident occurred on defendant company's premises and in the course of reconstruction of their building, that the driver of the truck, who unloaded the pipe, had been seen operating the car when it was driven into the yard, and some other testimony, on defendant's side, from which the inference might be drawn that the pipe belonged to the latter, were the only facts connecting that company or its employees with the injury. Defendant, on the other hand, contended, and presented evidence tending to show, that it took no active part in the construction work, that its trucks did not haul pipes to the building, that it did not own a truck of the type described by plaintiff, and not more than one approaching that type; and, as to this last, defendant produced testimony which, if believed, might exclude it from consideration. These proofs and evidence to sustain an affirmative defense of the statute of limitations, to which we shall refer later and more at large, constituted defendant's case.

The court below entered judgment for defendant, n. o. v., on the ground that plaintiff had failed to show that the man whose negligence caused the injury was an employee of defendant company, acting within the scope of his employment; but plaintiff contends that the presence of defendant's name on the truck raised presumptions that it belonged to defendant and was being employed in the latter's business, and that these presumptions were sufficient of themselves to take the case to the jury.    Defendant, on the contrary, claims that the mere presence of its name on the truck was not enough to warrant submitting the issues involved to the jury, in the absence of other supporting testimony, of which, it claims, there was none; but, in so contending, defendant entirely overlooks the other features of plaintiff's case to which we have called attention in the immediately preceding paragraph of this opinion.    Defendant contends also that, on the evidence produced by it, the trial judge could have given binding instructions, therefore the court below was warranted in entering judgment in its favor notwithstanding the verdict for defendant.

In Holsheimer v. Lit Brothers, 262 Pa. 150, 153-4, a case somewhat like the one at bar, so far as the question of the ownership of the automobile involved is concerned, we said: "This...... presumptive evidence [of the ownership of the truck and that it was in charge of the owner's employee] was......quite sufficient to carry the case to the jury......[and it did not have] any less probative force than it would have had, had it rested on direct evidence.  It shifted the burden of proof as to this one issue so that the burden rested thereafter upon......defendant......The only question we have to consider is whether the evidence introduced by the defendant was of such conclusive and unimpeachable nature as would have justified binding instructions in its favor......The evidence......is not so exceptional

in character as to take the case out of the operation of the general rule as here applied."

In Shaughnessy v. Director Gen., 274 Pa. 413, 416, where the presumption was of liability on part of a railroad company for injuries to a passenger, we said: "The rebuttable presumption of liability has the same probative force as if established by direct evidence. It stands as a fact, except as overcome by testimony produced by defendant......[The latter] claims to have established its defense by testimony so conclusive as to justify binding instructions in its favor; but...... the question of the credibility of the witnesses...... still remained for the determination of the jury, under such circumstances." The opinion continues, "Ordinarily......capricious verdicts are to be cured by the grant of a new trial, and it is only where no dispute appears in the evidence, or in the inferences which may possibly be drawn therefrom, that binding instructions can be given, where the finding is necessarily based on parol testimony."

In Gojkovic v. Wageley, 278 Pa. 488, 490, we said that, "The use of a business vehicle is presumed to be for its owner, and, when damage has been caused by the negligent operation thereof, a jury is the proper tribunal to pass upon the credibility of oral evidence submitted to repel such presumption......Whether such presumption has been overcome by oral testimony is for the jury. ......A rebuttable presumption of liability has the same probative force as if established by direct evidence, and it is for the jury to pass upon the credibility of witnesses offered to repel such presumption."

In Ford v. Dick, 288 Pa. 140, 146, citing Kelly v. Director General, 274 Pa. 470, 474, 475, and other cases, we recently said that, where a presumption in favor of a party entitles him to have his case submitted to the triers of facts, it cannot be withdrawn from them merely because other evidence tends to rebut the presumption in his favor, even though the evidence relied

on for that purpose may be very strong; that those who see and hear the witnesses are best situated to judge the value of their testimony, and, while the force of the evidence may be sufficient to convince them that the presumption in favor of plaintiff has been repelled, yet, before they can come to this conclusion, they must consider the circumstances under which the repelling witnesses testify. Therefore, whether the presumption is rebutted is for the triers of facts, unless the evidence to the contrary is clear, positive, credible, uncontradicted and so indisputable in weight and amount as to justify the court in holding that a verdict against it must be set aside as a matter of law.

The case just mentioned and Grimes v. Penna. R. R. Co. (opinion by Justice SADLER, 289 Pa. 320) contain our latest pronouncements on the subject in hand. In the last named opinion we said there was a presumption that plaintiff's decedent had "used due care and caution to protect himself," adding, "though this presumption is rebuttable, yet it is still a question for the jury to determine this fact, though the evidence to the contrary be uncontradicted, where dependent solely on the oral testimony of witnesses, for it is essential that their credibility be passed upon," citing Schmidt v. P. & R. R. R., 244 Pa. 205; Shaughnessy v. Director General, supra; Spear v. R. R., 119 Pa. 61; McCafferty v. P. R. R., 193 Pa. 339; Doud v. Director General, 269 Pa. 182; Holzheimer v. Lit Bros., supra; Gojkovic v. Wageley, supra.

In Grimes v. Pa. R. R. Co., however, we state and apply the following important qualification of the general rule that the presumptions in plaintiff's favor carry his case to the jury, "If [on defendant's side] there be, in addition to oral testimony, indisputable physical conditions, indicated by actual measurements, maps or photographs, the existence of a fact ordinarily presumed [in favor of plaintiff] is negatived......If [for instance] the......external facts show deceased could

not have performed his legal duty to stop, look and listen, the question is not one for the jury, and mathematical tests may be resorted to in determining the true situation."

There is a line of cases in Pennsylvania (some of them already mentioned in this opinion) which holds definitely that both the fact of ownership of an automobile used for business purposes and of the agency of the person in charge of such a car will be presumed from the name of the defendant appearing on the car in the manner in which business or trade signs are usually displayed on vehicles used in business. For examples, see Williams v. Ludwig Co., 252 Pa. 140; Holzheimer v. Lit Bros., 262 Pa. 150, 152. In the last named case we said: "There was no direct evidence as to who was the owner of the truck that inflicted the injury, nor as to who was in charge of it when the collision occurred. There was evidence, however, that the truck bore the name of the defendant company. This was sufficient to establish not only a prima facies that the defendants were owners of the truck, but also that it was then in charge of their servant or employee......and to carry the case to the jury."

Sieber v. Russ Bros., 276 Pa. 340, 342-3-4, decides it may be inferred that a person operating a business truck was acting in the course of its owner's business from the facts that the car in question bore the name of defendant and that, at the time in question, it was carrying goods belonging to the latter's business: see also O'Malley v. Public Ledger Co., 257 Pa. 17.

In Thatcher v. Pierce, 281 Pa. 16, 18, we said: "Where a truck or car is used for business purposes and is identified as the property of the owner, a presumption arises that the truck was engaged in the master's business," and this rule is again recognized in Felski v. Zeidman, 281 Pa. 419, 421, where we said: "It was a business truck with defendant's name thereon, which would raise a presumption that it was being used in

his business." In this last case we held, however, that the presumption could not stand "in the face of the evidence of plaintiff's [own] witnesses to the contrary," saying "plaintiff cannot question the credibility of his own uncontradicted witnesses." But, we added, "Had defendant [depended upon] oral testimony [on his side] to rebut the presumption, its credibility would have been for the jury."

In the very recent case of Laubach v. Colley, 283 Pa. 366, 369, we said: "A distinction has been drawn between cars employed for business and [for] pleasure purposes; in the case of the former, the operation is presumed to be in the master's service, and the burden rests on him [the master] to show the contrary to be true."

Defendant contends that none of the foregoing authorities rule the present case, because, in all of them, as defendant asserts, there either was an admission, before the issue as to ownership went to the jury, that defendant owned the vehicle involved, or other facts shown in addition to the mere fact of defendant's name appearing on the car, which combination of facts took the case to the jury. Admitting for present purposes that the prior cases are as contended by defendant, that does not remove them as authorities in the present controversy; the principle for which they stand is plainly indicated in the excerpts therefrom quoted above, and the fact that, in certain of these cases, defendant may have admitted ownership of the car after plaintiff had sufficiently shown it by way of presumptive evidence, makes them none the less authority for the rule that a business truck with defendant's name thereon, displayed as business names usually appear, raises a presumption that it belongs to defendant and also that it is being used in his business. Again, the circumstance that in most of our cases other facts appear to reinforce the presumption in plaintiff's favor does not weaken the force of the presumption itself; in each instance,

the additional facts merely served to support the original presumption. If, however, it is necessary to have other facts sustain the original presumption, the present case is not lacking in them; for, here, the car which plaintiff testified bore the regular business sign of defendant company was, at the time of the accident, at a business plant where the latter was adding to its buildings, and it was loaded with material which, prima facie, was fitted to go into these new buildings; moreover, two witnesses produced by defendant, who were subcontractors and who said that they were the only ones engaged upon the erection of the building who would use pipe, both testified that, on the day fixed by plaintiff as the date of the accident, no pipe was delivered belonging to them, which testimony makes for plaintiff in the sense that it constitutes some warrant for an inference that the pipe must have belonged to the ice company.

Defendant also calls attention to the fact that, in all prior instances where presumptions from proved facts sent plaintiff's case to the jury, the negligence complained of had to do with the actual operation of an automobile, while in the present case, the negligence in question does not concern the operation of the car, only the unloading thereof after it had come to a standstill; but, if the evidence was sufficient to take the case to the jury on the issue of the ownership of the car by defendant, and on its management by an employee of defendant, whether that management consists of the actual operation of the car or of unloading therefrom can make no difference.

From the cases we have reviewed, the applicable general rules may be stated thus: Where the evidence produced by plaintiff, if believed, is sufficient to prove that he was injured by the negligence of one in charge of a business automobile, bearing the trade name of defendant, displayed thereon in such a manner as trade or business names are usually placed on vehicles used

for trade or business purposes, these facts are sufficient (1) to raise the presumption that the car in question was owned by defendant and was being used by the person in charge thereof for defendant's business purposes; and (2), when such presumptions so arise, they entitle plaintiff to have his case submitted to the jury (a) unless plaintiff himself shows in the presentation of his case that, as a matter of fact, the car did not belong to defendant or was not being used in his business, or (b) unless, in the testimony produced, defendant is able to point to evidence of "indisputable physical conditions," or "facts," or to show in the evidence some indisputable basis for "mathematical tests," which demonstratively overcome the presumptions in plaintiff's favor. This is what is meant by evidence so "clear, positive, credible, uncontradicted, and indisputable in weight and amount as to justify the court in holding that a verdict against [defendant] must be set aside as a matter of law"; for we have said in connection with the words just quoted that, "Where there is any uncertainty as to the facts or the inferences to be drawn therefrom, the case is necessarily for the jury." See Unger v. Phila., W. & B. R. R. Co., 217 Pa. 106, 109, and the 2nd paragraph infra. Another instance where a case otherwise for the jury may be ruled as a matter of law in favor of defendant is (c) where, in addition to the uncontradicted oral evidence on the side of defendant, showing no liability, there is admittedly genuine or unattacked documentary evidence which relieves defendant from the possibility of liability (for an instance of this kind see Walters v. American Bridge Co., 234 Pa. 7, 10); and perhaps there may be other instances of a character, generally speaking, like those itemized as (a), (b) and (c) above, which do not occur to our minds at the present time.

The rule that, in exceptional instances, the court may instruct the jury to find for defendant on the latter's oral evidence was first stated in Lonzer v. Lehigh Valley

R. R. Co., 196 Pa. 610; but that case has been departed from and explained away ever since in a long line of decisions.* For instance, Mr. Justice FELL (later Chief Justice) said, in Devlin v. Beacon Light Co., 198 Pa. 583, 585, that the rule in the Lonzer Case applied only when the testimony for plaintiff amounted to no more than a scintilla; this is repeated in Heh v. Consolidated Gas Co., 201 Pa. 443, 447. Mr. Justice FELL in Cromley v. Pa. R. R. Co., 211 Pa. 429, 431, also stated that situations could rarely arise which would come within Lonzer v. Railroad, and that the rule there announced had no application to any case in which there was a "real conflict of testimony." In Second National Bank v. Hoffman, 229 Pa. 429, 434, Mr. Justice BROWN (afterwards Chief Justice), writing for this court, entered a reversal of the court below, which had followed the Lonzer Case, and reasserted the old rule that when the establishment of a question of fact depends on oral testimony, the credibility of the witnesses is for the jury alone. After mention of the Lonzer Case, the doctrine just stated is again asserted in Holzheimer v. Lit Brothers, 262 Pa. 150, 152, 153; see also Shaughnessy v. Director General, 274 Pa. 413, 416, containing our latest mention of the Lonzer Case, which is to the same effect.

In Patterson v. Pittsburgh, etc., Ry. Co., 210 Pa. 47, 48, we said, in effect, that clear, positive, credible, uncontradicted and indisputable evidence produced by defendant might on occasions overcome rebuttable presumptions in plaintiff's favor which, unrebutted, would entitle the latter to go to the jury. This thought is repeated in the same general form in Kreamer v. Perkiomen Ry. Co., 214 Pa. 219, 221, and again in Unger v. Phila. B. & W. R. R. Co., 217 Pa. 106, 109. Mr. Justice FELL, in the last of these cases, adds, "Where there is

---

*For further discussion and collection of cases bearing on the rule of Lonzer v. Railroad, see MOSCHZISKER's Trial By Jury, beginning at section 298.—REPORTER's NOTE.

any uncertainty as to the facts or the inferences to be drawn from them, the case is necessarily for the jury"; but, in all of these instances, plaintiff's case was held to be for the jury to pass upon. The earlier authorities are mentioned, and phraseology much like that outlined above is used, in the more recent cases of Kelly v. Director General, 274 Pa. 470, 475, and Ford v. Dick, supra. In the last two, however, the court below was reversed because it took plaintiff's case from the jury. So far as our researches show, while the rule permitting a court, under exceptional circumstances, to take a case into its own hands, is referred to in several of our opinions, and put in what may be called its later intermediate form, yet even in this form, it was made subject to the limitation placed thereon in Kreamer v. Perkiomen Ry. Co., supra; and the rule was never used to justify binding instructions for defendant till it started to deal with established physical facts and those constituting the basis for governing mathematical calculations, which may be termed the present form of the rule (see item "b" of the second paragraph above). That is to say, in all our recent cases, we have consistently held that oral evidence relied on to overcome presumptions sufficient to take plaintiff's case to the jury, must be submitted to that body to determine as to the credibility of the witnesses, the inferences to be drawn from their testimony, and the facts to be found therefrom, unless the testimony in question, being clear, positive, credible, uncontradicted and indisputable, shows physical facts, or forms the basis for mathematical tests which demonstratively govern the case in defendant's favor. On physical facts theory, see Moses v. Northwestern Pa. Ry. Co., 258 Pa. 537, 540; Hazlett v. Director Gen., 274 Pa. 433, 436; Cubitt v. N. Y. C. R. R. Co., 278 Pa. 366, 371; Zotter v. Lehigh Val. R. R. Co., 280 Pa. 14, 21; Murphy v. Phila. R. T. Co., 285 Pa. 399, 406; Grimes v. Penna. R. R. Co., 289 Pa. 320. On mathematical tests, see Bernstein

v. Penna. R. R. Co., 252 Pa. 581, 586, 587; Zotter v. Lehigh Val. R. R. Co., supra; Grimes v. Pa. R. R. Co., supra. On general principles involved, see also Lessig v. Reading T. & L. Co., 270 Pa. 299, 303; Seiwell v. Hines, 273 Pa. 259, 261; Radziemenski v. B. & O. R. R. Co., 283 Pa. 182, 184.

In the case at bar, while defendant produced eight witnesses, each of whom gave testimony which made against the probability that the accident claimed by plaintiff happened on the day set by him or in the way stated, yet there is little express contradiction of plaintiff's testimony to be found in the body of evidence on the other side; and the evidence for defendant cannot even be said to be uncontradicted, for, in essence, it is largely contradicted by the very testimony of plaintiff which it was put in to meet. Therefore, we are unable to hold that the presumptions in plaintiff's favor were rebutted by clear, positive, credible and uncontradicted evidence so indisputable in weight and amount as to justify the court in holding that a verdict against it must be set aside as a matter of law. If, viewing the evidence as a whole, the court below considered the verdict a perverse one, the appropriate remedy was at hand in its power to order a new trial: Hewitt v. Democratic Pub. Co., 260 Pa. 59, 61; Maloy v. Rosenbaum Co., 260 Pa. 466, 472. In the latter case, we said: "In cases of the class to which the one at bar belongs, the issue as to the capacity in which the chauffeur was acting at the time of plaintiff's injury, whether for himself or his employer, must generally be decided on presumptions and inferences from ascertained facts. While the ascertainment of the underlying facts and the drawing of the inferences and final conclusions therefrom, are for the jury, even where strong conflicting oral evidence is produced by a defendant, yet, in every such instance, a grave responsibility rests upon the trial judge to see to it that no verdict contrary to the weight of the evidence or shocking to judicial conscience is allowed to

stand, no matter how many new trials must be granted
in order to effect the ends of justice; and this will
always be so, until [if ever] the fundamental law, which
ordains that trial by jury shall be as heretofore, is
changed to give greater power, in the realm of fact, to
the judiciary."

One other defense must be considered. Defendant
contended and sought to prove at trial that, if the acci-
dent claimed by plaintiff happened at all, it occurred
several months earlier than the time alleged by plaintiff,
and that, therefore, this action, when instituted on June
4, 1925, was barred by the statute of limitations.

Since the Act of 1887, P. L. 271, defendants in actions
of trespass need not plead the statute of limitations.
This is ruled in Kelly v. Penna. R. R. Co., 253 Pa. 553,
556, where we said: "By the Act of 1887......special
pleading is abolished, but a defendant in an action of
assumpsit may, in addition to the plea of nonassumpsit,
plead......the bar of the statute of limitations. 'The
only plea in the action of trespass shall be not guilty.'
On that issue, and on it alone, a defendant in an action
of trespass is now to meet on the trial the cause of
action against him as particularly set forth in plaintiff's
statement. The legislature having, in effect, declared
that no affidavit of defense or no particularization of
the same shall be filed, a defendant need do no more
than plead the general issue. He is no longer required
to plead the statute of limitations, because the Act of
1887, in its terms, provides that nothing more can be
required of him than the simple plea of 'not guilty':
Martin v. Pgh. Rys. Co., 227 Pa. 18, 21." The Practice
Act of 1915, P. L. 483, does not affect the law as ruled
in the Kelly Case as is shown by Leonard v. Coleman,
273 Pa. 62, 64; Ruth-Hastings G. T. Co. v. Slattery,
266 Pa. 288, 290; Flanigan v. McLean, 267 Pa. 553,
558; see also Wilson v. Adams Ex. Co., 72 Pa. Superior
Ct. 384, 387-8; Charlap v. Lepow, 87 Pa. Superior Ct.
466, 468, 469. While the defense now under discussion

was available to defendant, it, like the main defense, which we have just finished discussing, was not sustained in such a manner as to warrant us in ruling it in defendant's favor as a matter of law.

Plaintiff said plainly that the accident for which he was suing to recover damages occurred June 19, 1923, which, of course, was less than two years from June 4, 1925, the day he instituted his suit. Then, however, he gave testimony as to his doings for some months following the accident, which tended to show it happened at an earlier date,—probably in February, 1923. Next, he admitted visiting the Workmen's Compensation Bureau in March, 1924, and also that, after describing the accident to the official there in charge, he, plaintiff, was informed that the one year allowed in which to make claim under the compensation law, was up and he was too late. This, of course, would indicate that the accident must have occurred in March, 1923, or earlier, for plaintiff admitted also that he, at the time, agreed with the official with whom he was talking that it was too late to file a petition. But, later in his cross-examination, plaintiff said that he visited the Compensation Bureau in September, 1924, not in March. Defendant put in evidence a statement of claim, sworn to by plaintiff on January 14, 1925, in which he charged to another defendant the accident claimed for in the case now before us; in that pleading plaintiff said he was injured at the plant of the American Ice Co. "in or about March or April, 1923." Plaintiff attributed this alleged misstatement of date to his attorney. Defendant produced other, oral, testimony of an interview with plaintiff in which the witness said Hartig had fixed a date for the accident more than two years prior to June, 1925. Defendant also showed facts from which it would appear that building operations in the erection of its plant had ceased prior to June 19, 1923. Finally, defendant produced the man in charge of the pay roll for Henry S. Rau & Co., by whom plaintiff was employed

at the time of the accident, who testified that the pay roll records of that concern showed that Hartig did not work on the American Ice Company job in June, 1923; the last day he appears as working at this place was during the week ending May 2, 1923, and plaintiff was paid "no wages after that." The testimony of this last witness seems strong indeed, but, unfortunately for defendant, the witness did not undertake his duties as custodian of the Rau & Co. pay records till January 20, 1925. Again, he admitted that the records had been moved, when his company had "moved from one place to another," and that he did not know "whether the person who put the records there [where he found them] had put them all there." Defendant failed to prove the completeness of the records in question; and, moreover, it did not show the business organization of Rau & Co. or its method of keeping records sufficiently to have the present pay records speak for themselves, under the modern theory as to records made in the regular course of an extensive business being documentary evidence in themselves. In short, all the evidence for defendant was of a character that had to be passed on by the jury.

The court erred in allowing judgment for defendant n. o. v., but this is not a case in which we shall enter judgment on the verdict; we prefer to leave it to the court below, who heard the evidence, to decide whether to enter judgment on the verdict or to direct a new trial, which latter it may well conclude to do.

The judgment is reversed and it is ordered that the motion for a new trial be reinstated to be disposed of as right and justice under the law may require.

DISSENTING OPINION BY MR. JUSTICE SCHAFFER:

I agree that the court below should be permitted to grant a new trial and think that this course ought to be pursued, and I concur in much else said in the opinion of the majority, but I cannot assent to the views there expressed as to the rule laid down in Lonzer v. Lehigh

Valley R. R. Co., 196 Pa. 610, 613, in which we held that "when the testimony is not in itself improbable, is not at variance with any proved or admitted facts, or with ordinary experience, and comes from witnesses whose candor there is no apparent ground for doubting, the jury is not at liberty to indulge in a capricious disbelief," and that the trial court should not allow them an opportunity to do so. I believe this rule, when applied in full vigor at the trial of cases, aids the administration of justice, and that where the case of a plaintiff rests solely upon a presumption, the presumption should go down before evidence of facts to the contrary given by witnesses whose integrity is not assailed. In my opinion, "There can be no presumption as against facts which are clearly proven": Zotter v. Lehigh Valley R. R. Co., 280 Pa. 14, 21, and cases there cited.