## Double et ux., Appellants, v. Myers.

Argued October 5, 1931. Before FRAZER, C. J., WALL-ING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*James M. Galbreath,* of *Galbreath & Galbreath,* for appellants.—The vehicle being a delivery truck owned by defendant and driven by his employee, the presumption arose on the happening of the accident that the driver of the truck was at that time not only in his employ, but also on the defendant's business; and whether or not this presumption has been overcome was a question en-

tirely for the jury, and cannot be declared by the court as a matter of law, no matter how strong may be the evidence on the part of defendant to the contrary: Gojkovic v. Wageley, 278 Pa. 488; Holzheimer v. Lit Bros., 262 Pa. 150; Thatcher v. Pierce, 281 Pa. 16; Hartig v. Ice Co., 290 Pa. 21; Williams v. Floral Co., 252 Pa. 140.

Moreover, defendant cannot be heard to disclaim authority to his driver to use the car at the time of the accident: Raub v. Donn, 254 Pa. 203.

Defendant was guilty of negligence in having in his employ and entrusting with the operation of his car one who had the reputation of being a reckless driver, and is liable in damages for injury occasioned through his negligent driving: Thatcher v. Pierce, 281 Pa. 16.

Defendant was guilty of negligence also in permitting the use of his machine on the highway by Emerson Double, a paid employee, who, at the time of the accident, was under eighteen years of age: Laubach v. Colley, 283 Pa. 366.

*Zeno F. Henninger*, for appellee.—To charge with liability for damages due to a motor accident, where it appears defendant owned the car, it must be shown the driver was his servant, and was at the time engaged in his master's business: Scheel v. Shaw, 252 Pa. 451, 460; Treon v. Shipman & Sons, 275 Pa. 246; Laubach v. Colley, 283 Pa. 366; Zotter v. R. R., 280 Pa. 14; Cohen v. Transit Co., 228 Pa. 243; Puhlman v. Express Co., 259 Pa. 393.

The presumption is that, where a statute imposes a duty where none existed before, the remedy therein for the breach of the duty is exclusive: Mack v. Wright, 180 Pa. 472; Westervelt v. Dives, 231 Pa. 548.

OPINION BY MR. JUSTICE DREW, November 23, 1931:

This is an appeal by plaintiffs from the action of the court below in refusing a new trial, after having directed a verdict for defendant. The sole question to determine

is whether or not the trial judge was right in directing the verdict. The action was brought by plaintiffs, husband and wife, to recover damages from the defendant, and the following facts were developed by the plaintiffs at the trial:

At about 11:30 o'clock P. M. on March 31, 1928, one of the plaintiffs, Mrs. Double, was run into and seriously injured by an automobile owned by the defendant. She was walking home at the time, along the edge of the state highway near Chicora, in Butler County. The automobile was being driven by Emerson Double, and he had in the car with him five boy friends.

Emerson Double was just under eighteen years of age, and had been engaged at odd jobs around the farm of the defendant since he was twelve years old. He was paid one dollar per day for his services. His duties consisted of doing whatever he was told to do, and when requested he drove the automobiles of the members of the family. He was a licensed driver.

The automobile involved in the accident was a Ford runabout, with a box body three feet by five feet attached. It is variously referred to in the testimony as a runabout and a truck. There was no name or markings of any kind on it. It was used by the defendant for light hauling, at which times it was driven by Emerson Double, who carried the key for the car.

Upon these facts plaintiffs rested their case, claiming that they had created a presumption that at the time of the accident the person in charge of the automobile was the servant of the defendant and was using it in the course of his employment and on defendant's business. They offered no direct evidence as to this, but having shown the ownership of the machine to be in the defendant, and that the driver was employed by him, sought to derive from these facts, and these alone, not only that the person in charge was the defendant's servant, but also that he was at the time engaged on his master's business.

This court has consistently held, in a long line of decisions, that in an action to recover damages for injuries received from an automobile accident, it is necessary for plaintiff to prove, in some adequate manner, not only that defendant was the owner of the car, and that the driver was his servant, but also that such servant was at the time engaged in the master's business: Scheel v. Shaw, 252 Pa. 451; Farbo v. Caskey, 272 Pa. 573. We have further held that the fact that defendant was the owner of the car in itself furnishes no foundation for his liability: Lotz v. Hanlon, 217 Pa. 339.

The plaintiffs concede this, but insist that the machine involved in this accident was a business truck and that its operation is presumed to have been in the master's service, and that the burden rested on him (the master) to show the contrary to be true. There is a line of cases in Pennsylvania which hold definitely that the use of a business vehicle is presumed to be for its owner, and when damage has been caused by the negligent operation thereof, a jury is the proper tribunal to pass upon the credibility of oral evidence submitted to repel such presumption: Williams v. Ludwig Floral Co., 252 Pa. 140; Holzheimer v. Lit Bros., 262 Pa. 150; Sieber v. Russ Bros. Ice Cream Co., 276 Pa. 340; O'Malley v. Public Ledger Co., 257 Pa. 17; Felski v. Zeidman, 281 Pa. 419; Hartig v. American Ice Co., 290 Pa. 21; Gojkovic v. Wageley, 278 Pa. 488.

The defendant contends that none of the foregoing authorities rule the present case for the reason that the machine involved in this accident was not a business truck; that the evidence does not show there was a name or sign upon it indicating any business, or that there was anything in or about the truck indicating it was being used for business purposes. It was not shown by the plaintiffs that defendant had a business in which a truck was used, or could have been used. It is our judgment that plaintiffs failed to show that the ma-

chine was a business truck, and came under the ruling in the line of cases mentioned.

This case fell under a different rule, the one applicable to all vehicles used for family needs, that it must ordinarily appear, before a recovery may be had, that the person using the motor was engaged on the owner's work, whether he be a chauffeur, or a member of the defendant's household: Scheel v. Shaw, supra; Markle v. Perot, 273 Pa. 4; Laubach v. Colley, 283 Pa. 366.

This burden of proof was on plaintiffs and they failed to carry it, for which reason the learned court below directed the verdict for defendant, as it was bound to do: Martin v. Lipschitz, 299 Pa. 211; Zavodnick v. Rose & Son, 297 Pa. 86. The test of liability here is whether the servant at the time of the plaintiff's injury was acting within the scope of his authority and in furtherance of his master's business: Luckett v. Reighard, 248 Pa. 24.

While we have not taken into consideration the uncontradicted evidence of the defense in arriving at our decision, the situation is clarified by it, because that evidence shows that the defendant is a banker; that he did not have a truck in his business or any need for one; that this runabout or truck was used as a family convenience in and about his farm, which he did not operate as a business, or for profit; and that it was a private car or truck used to carry members of the family in and out of town, and for light hauling, such as produce and coal. This evidence further shows that Emerson Double did not have any authority to take the car out on the night of the accident, and that he did so for his own pleasure and convenience. This is shown by the fact that after he had taken the machine from the garage, he gathered up five boy friends and drove them to a skating rink five or six miles out in the country. It was while returning from skating that this accident happened. On these facts, and there is no contradiction of them, and no doubt that they are true, the defendant could not possibly be responsible for the negligence of the driver, be-

cause at the time he was not defendant's servant, was not acting in the course of his employment, and was not on defendant's business.

As Mr. Justice WALLING said for this court in Martin v. Lipschitz, supra, "Damage done through the instrumentality of a private car raises no presumption against an absent owner and one who charges him with liability therefor must prove that the car was being operated for him, and the operator must, in doing the wrongful act, occupy toward the owner the position of agent or servant."

The case as produced by the plaintiffs was insufficient to warrant a recovery; its insufficiency was not supplied by anything shown on the part of the defendant, and it therefore became the duty of the court to direct the verdict.

Judgment affirmed.