Readshaw et ux. *v.* Montgomery, trading as Wilson Electric Co.

Argued October 2, 1933.   Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*Rufus S. Marriner*, with him *John F. Wiley*, of *Marriner & Wiley*, for appellant.

*H. Russell Stahlman*, for appellees.

OPINION BY MR. JUSTICE DREW, November 27, 1933:

Plaintiffs, husband and wife, brought this action in the court below to recover damages for injuries alleged to have been sustained by the wife in a collision between an automobile in which she was riding and a truck owned by defendant and operated by one of his salesmen. There were separate verdicts and judgments for plaintiffs, from which defendant took separate appeals, assigning as error the refusal of his motions for judgment n. o. v.

The accident occurred about 5:30 on the afternoon of Sunday, September 27, 1931, on the highway between Canonsburg and Washington, Pa. Witnesses for plaintiffs testified that the truck (a light Ford delivery truck) bore on the hood the words "Wilson Electric Company, Canonsburg, Washington, Charleroi," and the word "Maytag." Defendant admitted that he was engaged, at the places named, in the business of selling and servicing Maytag washing machines, and selling refrigerators and radios, under the firm name of Wilson Electric Company. He also admitted that the truck belonged to him, that the driver, Martin, was a salesman who sold wash-

ing machines for him on commission, and that Martin regularly used the truck in his work.

In an action to recover damages for injuries alleged to have been caused by a motor vehicle owned by defendant and operated by his servant, the burden is of course upon plaintiff to prove, in some adequate manner, not only that defendant was the owner of the vehicle and that the driver was his servant (which facts are here admitted), but also that the servant was at the time engaged in the master's business: Farbo v. Caskey, 272 Pa. 573; Double v. Myers, 305 Pa. 266. It is not necessary in all cases, however, that these elements be established by direct evidence; we have held in a long line of decisions that plaintiff may meet this burden by producing evidence that the vehicle was a business vehicle and that it bore the trade name of the defendant, and that such evidence is sufficient to make improper the giving of binding instructions for the defendant, even though there is uncontradicted oral testimony produced by defendant that the vehicle was not being used for his purposes at the time of the accident: Williams v. Ludwig Floral Co., 252 Pa. 140; Holzheimer v. Lit Bros., 262 Pa. 150; Sieber v. Russ Bros. Ice Cream Co., 276 Pa. 340; Gojkovic v. Wageley, 278 Pa. 488; Hartig v. Am. Ice Co., 290 Pa. 21; Talarico v. Baker Office Furniture Co., 298 Pa. 211; see Double v. Myers, supra; Deater v. Penn Machine Co., 311 Pa. 291.

The rationale of this rule is that such facts give rise to an inference that the vehicle was being used for the purposes of the defendant. Business vehicles are generally used in the business of the owner, and when it is shown that the vehicle was a business vehicle and that it bore the trade name of the defendant, it is a fair inference that the vehicle was owned by the defendant, that the driver was his servant, and that it was being used for the purposes of defendant's business. Where, upon a consideration of plaintiff's whole case and anything in defendant's case which might help to create such an in-

ference, no such inference can arise, the doctrine of the cases cited has no application. Such is the situation here.

Defendant was called by plaintiffs to testify as if under cross-examination, as is permitted by the Act of May 23, 1887, P. L. 158, section 7. He stated, in answer to questions asked by plaintiffs' counsel, that he owned and operated the Wilson Electric Company throughout the month of September, 1931, and that he used Ford trucks in his business throughout that month. His own counsel then asked him to explain what he meant by "throughout the month of September," and he answered, "I do not operate the trucks or work on Sunday." This statement was not contradicted at any time, and plaintiffs are bound by it. One who calls an adverse party as upon cross-examination is concluded by his testimony, if uncontradicted (Dunmore v. Padden, 262 Pa. 436; Krewson v. Sawyer, 266 Pa. 284; Felski v. Zeidman, 281 Pa. 419; Morningstar v. R. R., 290 Pa. 14), and this includes not only his testimony as developed by the party who called him, but also statements then elicited by his own counsel which are merely explanatory of such testimony. Hence plaintiffs are bound by defendant's statement that he did not do business or operate his trucks on Sunday. The situation, then, is this: the accident happened on Sunday, and there is evidence, which must be taken as true, that defendant did not operate his trucks or do any business on that day. Under these circumstances, although the truck was defendant's, bore his trade name, and was being driven by his employee, no inference arises that the truck, at the time of the accident, was being used for defendant's purposes; the inference, rather, is that it was then being used by the employee for his own purposes.

Plaintiffs rely on the case of Williams v. Ludwig Floral Co., supra. In that case defendant's automobile delivery wagon, driven by its employee, was coming from the direction of defendant's store, which, although it was

Sunday, was then open for business. We there said: "From these facts a fair inference for the jury was that the wagon was being operated in connection with appellant's business at the time of the collision." The distinction between that case and this is obvious; here, because of defendant's statement, binding on plaintiffs, that he did not do business or operate his trucks on Sunday, no such inference can arise.

The learned court below took the view that defendant's statement that he did not operate his trucks or work on Sunday "amounted to the general statement that defendant's business operations were not conducted on Sundays, but it was not specific testimony that on this particular Sunday Martin (who, as defendant later admitted, was in his general employ) was not doing in fact something with the truck that was in furtherance of defendant's business or affairs, and within the scope of Martin's general employment." Even if we accept this interpretation of defendant's statement, the statement was still sufficient, in our opinion, to prevent that inference from arising which it was necessary for plaintiffs to create in order to carry their case to the jury. There was no direct testimony that Martin was on defendant's business, and certainly, with a statement in plaintiffs' case, binding on them, that defendant did not do business on Sunday, it cannot be inferred that the truck at the time of the accident was being used for defendant's purposes. In addition, the court below relied upon the fact that an order book and advertising matter were found in the truck after the accident. This fact must be considered together with all the other facts of the case, and, when so considered, it creates no inference that the truck, at the time of the accident, was on defendant's business. The articles were such as a salesman would normally leave in his truck after his work for the day was done. In Sieber v. Russ Bros. Ice Cream Co., supra, and O'Malley v. Public Ledger Co., 257 Pa. 17, relied upon by the court below, the accidents occurred

on a business day, and the articles were such as the vehicles were customarily used to deliver—in the Sieber case ice cream cans, and in the O'Malley case bundles of newspapers.

We conclude, therefore, that plaintiffs failed to meet the burden of proof resting upon them, because they failed to show, either by direct evidence or by reasonable inference, that the truck was being used for defendant's purposes. In reaching this conclusion we have disregarded entirely the testimony of defendant's witnesses that Martin was using the truck at the time for purposes of his own, which, though uncontradicted, cannot be used against plaintiffs in deciding whether they were entitled to go to the jury.

The judgments of the court below are reversed, and judgment is here entered for defendant.