## Marach *v.* Kooistra et al., Appellants.

Argued January 10, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Henry A. Frye,* with him *Karl W. Johnson* and *James L. Johnson,* for appellants.

*Elgin E. Weest,* with him *George H. Merker* and *Sol Gelb,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, March 21, 1938:

There is but one proposition open in this action of trespass, brought by plaintiff to recover damages from defendants, who are partners, for injuries received by her when she was struck by a truck, admittedly used generally by defendants in their business, although registered in the name of but one of them, and that is, whether the operator of the truck was engaged in their business at the time he inflicted the serious injuries on plaintiff.

Negligent operation of the truck is not denied. It is claimed, however, by defendants that it was lent to the operator, on the evening of the accident, and was being used by him on his own account and in nowise for them.

To establish that the driver of the truck was the servant of defendants and engaged in their business at the time, they were called by plaintiff as under cross-examination. They said the truck was lent to the driver on

the evening in question and that he was engaged upon an enterprise of his own. They admitted he was at times employed by them and that he lived with one of them, whose daughter he later married. Their testimony is characterized by the trial judge, in the opinion he filed, as unusually evasive. He states they repeatedly contradicted their own testimony, which the record discloses to be the fact, at first denying that they were partners and subsequently admitting it, equivocating on the question whether the truck was used in the business, and then conceding that it was; one of them, who saw the truck when it left their premises saying that it was empty and later admitting that it had stove fire brick in it (they were dealers in stoves) which they claimed they had given to a sister of the driver, setting up that he was transporting it to her, to be put into a stove which they alleged also was a gift to her. The court concluded defendants and the driver testified falsely, and that their credibility on the controlling questions in the case, whether the driver of the car was at the time their servant and engaged on their business, was for the jury. It is the contention of appellants that neither of these two elements, essential to recovery, was proven, that the endeavor to establish them by calling defendants under cross-examination failed, and that plaintiff, having called them as under cross-examination, and not having contradicted them, is bound by their denial of the two essential facts and therefore did not make out her case.

Where the vehicle involved is a commercial vehicle, as distinguished from a noncommercial one, in the absence of other evidence, it will be presumed that it was being operated at the time on its owner's business: *Williams v. Ludwig Floral Co.*, 252 Pa. 140, 97 A. 206; *Holzheimer v. Lit Bros.*, 262 Pa. 150, 105 A. 73; *Sieber v. Russ Bros. Ice Cream Co.*, 276 Pa. 340, 120 A. 272; *Gojkovic v. Wageley*, 278 Pa. 488, 123 A. 466; *Thatcher v. Pierce*, 281 Pa. 16, 125 A. 302; *Hartig v. American Ice Co.*, 290 Pa. 21, 137 A. 867; *Readshaw v. Montgom-*

*ery,* 313 Pa. 206, 169 A. 135. It is true the truck did not have defendant's name on, but it is admitted the truck was a business vehicle used by defendants and with this admission it makes no difference that it did not display defendants' name. We did not say in *Double v. Myers,* 305 Pa. 266, 157 A. 610, that the absence of a trade name makes any difference in the rule, where it is admitted that the vehicle is one used for business by defendants; what was meant was that the presence of the trade name is a strong circumstance indicating its ownership and business use.

There are cases where the testimony of defendants, in denial of employment and of engagement on their business of the operator of a business truck belonging to them given in plaintiff's case under cross-examination, has prevented recovery as a matter of law *(Felski v. Zeidman,* 281 Pa. 419, 126 A. 794; *Readshaw v. Montgomery,* supra), but this is not one of them because of the doubt as to the truthfulness of the evidence given.

That a litigant is not bound by the testimony of a witness whom he calls as under cross-examination and does not contradict, where the statements of the witness in the opinion of the trial judge bear the stamp of incredibility, is apparent from what was said in *Burke v. Kennedy,* 286 Pa. 344, 133 A. 508; there the trial judge held that where the truthfulness of the story of defendant, called by plaintiff as on cross-examination, was in doubt, her evidence was for the jury. Reviewing the court's conclusion, we stated (p. 349) : " 'There may be such a degree of improbability in the statements themselves as to deprive them of credit, however positively made': . . . And the witness 'may be contradicted by circumstances as well as by statements of others contrary to his own': . . . 'It cannot be said, as a matter of law, that the jury is bound to accept evidence as true, although not contradicted by direct evidence. Thus, where there is some intrinsic improbability in the statements of the witness, and he has shown himself un-

328

worthy of credit by his attempt to falsify a collateral transaction involved in the suit, the jury may reject his testimony as incredible, although he is not impeached or contradicted by direct evidence': . . . Not only are the proven circumstances to be examined here, but the interest of the defendant in the result of the litigation must also be considered."

The true rule is, where plaintiff in his own case calls defendant as under cross-examination to prove ownership, agency and use of the vehicle in defendant owner's service, and does not contradict him, and the testimony of defendant in the opinion of the trial judge is truthful, plaintiff is bound by the testimony, but where in the opinion of the trial judge the testimony is false, plaintiff is not bound thereby and its credibility is for the jury.

The judgment is affirmed.