## Hepburn v. Prince et al.

*Edward A. Furia*, for plaintiff.

*Peirce A. Hammond, Jr.*, for defendants.

SMITH, P. J., October 19, 1950.—This matter comes before the court on Estelle Bennett's motion for a judgment non obstante veredicto. The action is in trespass and was tried before Alessandroni, J., and a jury. The verdict was for defendant Jennie M. Prince and for plaintiff against defendants Roosevelt Martin and Estelle Bennett in the sum of $200. Defendant Estelle Bennett then filed a motion for judgment n. o. v. upon the whole record. The question is whether Roosevelt Martin was the agent of defendant Estelle Bennett at the time of an accident. The facts show that on October 24, 1948, an automobile owned by Jennie Prince and driven by her son was collided with by another automobile owned by defendant Estelle Bennett and driven by defendant Roosevelt Martin. No question is raised by the motion for judgment n. o. v. concerning the issue of negligence or the damages. The sole question is whether Roosevelt Martin was the agent of defendant Estelle Bennett. The answer filed by her to the bill of complaint denied that Martin was operating the automobile on any business or under any authority of defendant Estelle Bennett. The burden was thus on plaintiff to prove by a fair preponderance of the evidence that at the time of the accident Martin was the agent of defendant Bennett and employed upon her business. The automobile of defendant Bennett was a 1947 Cadillac and it had thereon New York license plates. Defendants Bennett and Martin are residents of New York. Martin was not present at the time of trial. Estelle Bennett, called under cross-examination, testified that she knew Martin for about two months; that he was employed by her to carry her and her associates as they went around to sing; that he would use "the car for weddings and things like that" and when he made money he would turn it over to her; that he had this car on Saturday and Sunday with her knowledge. (The accident happened on Sunday, October 24,

1948.) She testified further that Martin had use of the car "but not out of town" whenever he wanted it; that on many occasions he used her car without coming to her and saying: "Miss Bennett, may I have your car?"; that "he was supposed to make local calls (in New York City); that she knew he had her car on this Sunday but did not know where he was; that she does not know where Martin is now living and made no effort to locate him; that her instructions to Martin were "to never take the car out of town any time without her consent" and that she did not give him her consent to take the car out of New York on the day of the accident.

The evidence shows that in a general sense Martin was the servant and agent of defendant Bennett, because she admits she engaged him to drive her car. She admits that he could use the automobile freely in New York City, but that she had instructed him never to take the car out of town at any time without her consent, and that for the day of the accident she had given no such consent to him. The fact that an owner of a vehicle admits the general employment of a driver of an automobile is not enough to make her liable in damages caused by the negligence of her driver. The burden is on plaintiff when faced by an answer filed by defendant to the effect that at the time of the accident Martin was not engaged in her business to prove that he was. The only evidence presented in this case on the issue of agency was supplied by defendant under cross-examination. Her evidence corroborated her averment in her answer. It was not contradicted by any other evidence. It is true that "where a judgment n. o. v. is requested the testimony must be viewed in a light most advantageous to the plaintiff and he must be given the benefit of every inference reasonably deducted from the evidence with its conflicts resolved in his favor": Car-

ter v. Pittsburg Railways Co., 327 Pa. 586, 587. But here there are no conflicts in the evidence and the inference cannot be reasonably deducted that Martin was acting in the scope of his employment at the time of the accident. The burden remains on plaintiff. In Wesolowski v. John Hancock Ins. Co., 308 Pa. 117, 120, Mr. Justice Maxey said:

"To hold a master legally responsible for the act of a servant who is engaged in furthering his master's business and who while doing so negligently uses some instrumentality that carries him from place to place, it must either be proved that the master exercises actual or potential control over that instrumentality, or the use of the instrumentality at the time and place of the act complained of must be of such vital importance in furthering the business of the master that the latter's actual or potential control of it at that time and place may reasonably be inferred. . . . We said in Rodgers v. Saxton, 305 Pa. 479: 'Responsibility is commensurate with authority. Negligence in the conduct of another will not be imputed to a party if he neither authorized such conduct, nor participated therein, nor had the right or power to control it.' "

In Double et ux. v. Meyers, 305 Pa. 266, 270, the court said:

"This court has consistently held, in a long line of decisions, that in an action to recover damages for injuries received from an automobile accident, it is necessary for plaintiff to prove, in some adequate manner, not only that defendant was the owner of the car, and that the driver was his servant, but also that such servant was at the time engaged in the master's business: Scheel v. Shaw, 252 Pa. 451; Farbo v. Caskey, 272 Pa. 573. We have further held that the fact that defendant was the owner of the car in itself furnishes no foundation for his liability: Lotz v. Hanlon, 217 Pa. 339."

Plaintiff is bound by the testimony presented by defendant under cross-examination where it is not contradicted. In the case of Readshaw et ux. v. Montgomery, 313 Pa. 206, 209, Mr. Justice Drew said:

"Defendant was called by plaintiffs to testify as if under cross-examination, as is permitted by the Act of May 23, 1887, P. L. 158, section 7. He stated, in answer to questions asked by plaintiffs' counsel, that he owned and operated the Wilson Electric Company throughout the month of September, 1931, and that he used Ford trucks in his business throughout that month. His own counsel then asked him to explain what he meant by 'throughout the month of September,' and he answered, 'I do not operate the trucks or work on Sunday.' This statement was not contradicted at any time, and plaintiffs are bound by it. One who calls an adverse party as upon cross-examination is concluded by his testimony, if uncontradicted (Dunmore v. Padden, 262 Pa. 436; Krewson v. Sawyer, 266 Pa. 284; Felski v. Zeidman, 281 Pa. 419; Morningstar v. R. R., 290 Pa. 14), and this includes not only his testimony as developed by the party who called him, but also statements then elicited by his own counsel which are merely explanatory of such testimony. Hence plaintiffs are bound by defendant's statement that he did not do business or operate his trucks on Sunday."

In Warman v. Craig, 321 Pa. 481, 482, Mr. Justice Drew said:

"The fact that the car was owned by defendant and was being operated by his adult son with his permission is of itself insufficient to charge defendant with liability: Markle v. Perot, 273 Pa. 4; Piquet v. Wazelle, 288 Pa. 463; Kunkle v. Thompson, 67 Pa. Superior Ct. 37. Nor is it enough to show that the general relation of employer and employee exists between defendant and the driver of his car: Martin v. Lipschitz, 299 Pa. 211; Double v. Myers, 305 Pa. 266; Readshaw v. Mont-

gomery, 313 Pa. 206. It was incumbent upon plaintiff to prove that the son, his father's servant, was engaged upon his father's business when operating the car, so as to be subject to the latter's control or right of control at the time of the accident: Double v. Myers, supra; Readshaw v. Montgomery, supra; Cox v. Roehler, 316 Pa. 417."

We are of the opinion that plaintiff has failed to meet her burden of proof on the issue of agency and therefore enter the following

*Order*

. And now, to wit, October 19, 1950, the rule for judgment non obstante veredicto is made absolute in favor of defendant Estelle Bennett.