## Mawhinney v. Selak

*Joseph Patrick Gorham,* for plaintiffs.
*Howard B. Detweiler,* for defendants.

LEVIN, J., August 12, 1970.—This case came be-

fore us on a motion for a judgment on the pleadings. Defendant argued that the action was barred by the statute of limitations as to one defendant, Obrad Selak, and that there was no cause of action as to the other defendant, Alexander Selak.

Plaintiff's complaint alleges that Alexander Selak was the owner of an automobile which was involved in an accident while being operated by another. The complaint does not ask for any relief or damages from Alexander Selak. The allegation of ownership does not itself furnish any foundation for liability: Double v. Myers, 305 Pa. 266 (1931). We, therefore, granted Alexander Selak's motion for judgment on the pleadings. See Anderson v. Krebs, 38 D. & C. 2d 100 (1964).

Plaintiff contends that the statute of limitations is no bar to his case against Obrad Selak, first, because of a court order dated December 4, 1968, giving plaintiff leave to join Obrad. Such an order is entirely proper and yet does not affect the effect of the statute of limitations. Since the statute of limitations is a defense which here may be raised not by preliminary objection to the complaint, but only by answer and new matter, the joinder of a defendant is proper and yet the statute of limitations is still a bar.

Plaintiff further alleges that the driver of the automobile, now alleged to be Obrad, identified himself as Alexander Selak at the time of the accident. Even if that were true, Alexander's answer denied such allegation and the police report, readily available to plaintiff, clearly identified Obrad as the driver. Proper care by plaintiff would have disclosed the actual operator of the automobile and the misidentification at the scene of the accident, if such there was, is, under these circumstances, certainly no reason to depart from the normal operation of the statute of limitations.