# O'Malley et al. *v.* Public Ledger Company, Appellant.

*Negligence—Automobiles — Evidence — Proof of Ownership — Case for jury—Referring to previous verdict—Withdrawal of juror —Discretion of court—Remarks unprejudicial.*

1. Where in an action against a newspaper company to recover damages for personal injuries sustained by plaintiff in consequence of being struck by a motor truck, alleged to be the property of defendant and to have been employed in its business at the time of the accident, it appeared that the name of defendant was painted upon the car, which contained bundles of newspapers, it was not error to permit a policeman to testify that shortly after the time fixed by witnesses to the accident he saw a car of like description delivering bundles of newspapers about four and a half squares from the place of the accident; that he knew the car because he had seen it in the neighborhood on numerous occasions on like errands, and that on the particular occasion the driver had attracted his attention by his seeming hurry in tossing papers from the car.

2. Where in such a case there was evidence that as plaintiff was endeavoring to cross a street at a corner an automobile came out of an intersecting street at a high rate of speed and ran violently into plaintiff, which car was described by witnesses as having defendant's name printed thereon, the case was properly submitted to the jury.

3. Where in such case the plaintiff's husband while on the stand testified to the effect that he had a conversation with another man on the day "when we were awarded the verdict," referring to the verdict in a former trial of the same cause, but there was no attempt on the part of the counsel for the plaintiff to obtain an unfair verdict by leading the witness to the objectionable remark, and the judge warned the jurors to disregard the incident, the refusal of a motion for a continuance was within the discretion of the trial judge was not prejudicial to defendant, and was not reversible error.

Argued Jan. 10, 1917.  Appeal, No. 134, Jan. T., 1916, by defendant, from judgment of C. P. No. 2, Philadelphia Co., March T., 1915, No. 859, on verdicts for plaintiffs in case of Catharine O'Malley and John O'Malley v. Pub-

18 O'MALLEY et al. *v.* PUBLIC LEDGER CO., Appellant.

lic Ledger Company.   Before MESTREZAT, POTTER, STEW-
ART, MOSCHZISKER and FRAZER, JJ.   Affirmed.

Trespass to recover damages for personal injuries.
Before ROGERS, J.

The opinion of the Supreme Court states the facts.

Verdicts for plaintiff, John O'Malley, for $750 and for
plaintiff, Catharine O'Malley, for $3,000, which the court
subsequently reduced to $500 for John O'Malley and
$2,000 for Catharine O'Malley, and entered judgment on
the reduced verdicts.   Defendant appealed.

*Errors assigned* were rulings on evidence, in refusing
to withdraw a juror, in refusing to direct a verdict for
defendant and in refusing to enter judgment for defend-
ant n. o. v.

*Robert P. Shick,* with him *Winfield W. Crawford,* for
appellant.—There was no proof that the automobile was
the property of defendant and driven by its servant
within the scope of his employment: Lotz v. Hanlon,
217 Pa. 339; Curran v. Lorch, 243 Pa. 247; Sarver v.
Mitchell, 35 Pa. Superior Ct. 69; Durham v. Strauss, 38
Pa. Superior Ct. 620; Scheel v. Shaw, 60 Pa. Superior
Ct. 73; Hershinger v. Penna. R. R. Co., 25 Pa. Superior
Ct. 147; Hennessey v. Baugh & Sons Co., 29 Pa. Su-
perior Ct. 310; Corpies v. Iron City Sand Co., 31 Pa.
Superior Ct. 107; Bowling v. Roberts, 235 Pa. 89; Fred-
ericks v. Northern Central R. R. Co., 157 Pa. 103.

A juror should have been withdrawn when one of
plaintiffs stated that a previous trial had resulted in a
verdict for him and for his coplaintiff: Holden v. Penna.
R. R. Co., 169 Pa. 1; Wagner v. Hazel Township, 215
Pa. 219; Saxton v. Pittsburgh Rys. Co., 219 Pa. 492;
Carothers v. Pittsburgh Rys. Co., 229 Pa. 558; Hollinger
v. York Rys. Co., 225 Pa. 419.

*Bertram D. Rearick,* for appellee.—The trial judge

acted within his discretion in refusing to withdraw a juror.

There is sufficient evidence that the automobile was the property of the defendant and was being driven upon its business by its servant: Hennessey v. Baugh & Sons Co., 29 Pa. Superior Ct. 310; Hershinger v. Penna. R. R. Co., 25 Pa. Superior Ct. 147.

OPINION BY MR. JUSTICE MOSCHZISKER, March 5, 1917:

John O'Malley and Catharine, his wife, sued to recover for personal injuries to the latter; verdicts were rendered in their favor, upon which judgments were entered; the defendant has appealed.

On January 8, 1915, between 5 and 5:30 a. m., Mrs. O'Malley was struck by a southward-bound automobile while crossing Twentieth street, in the City of Philadelphia, at the south side of McClellan street, or about 150 feet from Moore street, the next thoroughfare to the north. The testimony relied upon by the plaintiffs, when viewed in the light most favorable to them, is sufficient to sustain the following material findings: Just before leaving the sidewalk, Mrs. O'Malley looked up and down Twentieth street and, seeing no vehicles approaching from either direction, she started slowly to cross eastward; in the center of that thoroughfare there is a single car track, and, just before she reached the first rail of this track, she was struck by the automobile, which had turned southward into Twentieth street from Moore street; the machine was being driven at from 40 to 50 miles an hour and came suddenly upon Mrs. O'Malley, without warning of any kind; she was knocked down, and subsequently, as a result of the accident, suffered a miscarriage and other injurious results; finally, the motor in question was owned by the Public Ledger Company and, at the time of the injury to Mrs. O'Malley, it was being operated in the defendant's service.

There are numerous assignments of error; but only a few of them require serious consideration. To begin

with, we have looked at the medical testimony with care, and feel that it is sufficient to connect Mrs. O'Malley's impaired physical condition with the accident, and to justify the conclusion that her injuries followed as a result thereof.

We see no error in the admission of the testimony of the policeman, Jordan. He recalled the date of the occurrence under investigation; and the fact that his memory in this respect was aided by the circumstance that he had held a conversation with another officer concerning the accident, right after it happened, would not militate against the admission of his testimony. It may be well to note, however, that the details of this conversation were not allowed in evidence. Other witnesses who saw the accident had already testified that the car which injured Mrs. O'Malley was a small machine with the name of the Public Ledger painted thereon, containing bundles of newspapers. The policeman was permitted to state that, very shortly after the time fixed by the former witnesses, he saw an automobile of like description delivering bundles of newspapers about four and one-half squares from the place of the accident; that he knew the car, having seen it in the neighborhood morning after morning, on a like errand; and that, on this particular occasion, the driver attracted attention by his seeming hurry, when he tossed out papers upon the corner where the witness was standing, without stopping his machine. Although this testimony, by itself, would have but little weight, yet, in connection with other evidence in the case, it was circumstantially relevant to identify the automobile which caused the damage as a vehicle belonging to and, at the time, in the service of the defendant: Bowling v. Roberts, 235 Pa. 89; Hershinger v. Penna. R. R. Co., 25 Pa. Superior Ct. 147.

While the trial judge might have withdrawn a juror because of the unfortunate remark made by Mr. O'Malley when upon the stand, to the effect that he had a conversation with another man on the day "when we were

awarded the verdict" (evidently referring to the verdict in a former trial of the same cause), yet we cannot say the refusal so to do constitutes reversible error. The trial had been on for three days; there was no attempt on the part of counsel for the plaintiff to obtain an unfair advantage by leading on the witness to the objectionable remark. On the contrary, it seems to have slipped out without any premeditated purpose, and, when this occurred, the judge at once warned the jurors entirely to disregard the incident; moreover, at the end of his charge, he repeated these instructions. In conclusion, we do not conceive it at all probable the remark in question had any effect prejudicial to the defendant; for if the jurors understood from it that there had been a former finding in favor of the plaintiffs, it must be assumed they likewise realized that this verdict had been set aside by the court.

No part of the charge is assigned for error, and a careful reading thereof shows that all the testimony was properly and correctly submitted to the jurors, not only to find the relevant facts, but to draw their own inferences therefrom in determining the issues involved. Of course, there was testimony produced by the defendant militating against the evidence depended upon by the plaintiffs to show the former's ownership of the car and that the machine was being operated in its service at the time of the accident; but this testimony was mostly oral, and, hence, it was for the jury to pass upon.

The assignments of error are all overruled and the judgments affirmed.