## LIBERTY BAKING CO. v. KELLUM.
### No. 5779.

Circuit Court of Appeals, Third Circuit.
Sept. 30, 1935.

Rehearing Denied Nov. 7, 1935.

Frank R. Sack and Willmann, Burns & Sack, all of Pittsburgh, Pa., for appellant.

Henry Kauffman and Louis Little, both of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from a judgment of the District Court against the appellant

for damages for the death of Marshall Kellum, husband of the appellee.

Early in the morning of August 5, 1932, Marshall Kellum was in Steubenville, Ohio. He met there William D. Bashore and Robert Watson. Bashore and Watson wanted to go to Sheridan, a suburb just outside of Pittsburgh, and Kellum to a place in Pittsburgh near Herron avenue and Bigelow boulevard, and in order to go to it, they had to go on beyond Sheridan. .

As they were driving on Bigelow boulevard toward its intersection with Herron avenue, around half past one o'clock in the morning, when they were about 250 feet from the intersection, Bashore saw the defendant's truck coming toward them from the opposite direction. In the middle of the intersection, there was a light and traffic island around which automobiles are required to go to turn left. When the automobile reached the intersection, the traffic light was green and Bashore made a left turn, not going around the traffic island as he was required to do by city ordinance, but turned on the near or left side of the traffic island. When the automobile had gone 10 or 12 feet from the island, the defendant's truck, which is said to have been going at a speed of between 25 and 45 miles an hour, struck the automobile which was going about 10 miles an hour, with such force as to turn it completely around. Kellum was thrown out of the automobile, a Chevrolet, and instantly killed.

Bashore was sitting on the left side of the car driving; Watson was sitting in the middle and Kellum was on the right next to the truck as it approached.

The widow of Kellum brought suit against the Liberty Baking Company, and it under scire facias proceedings brought in Bashore as additional defendant, for damages sustained in the death of her husband. The jury returned a verdict for $5,000 against both defendants. Motions for a new trial and for judgment non obstante veredicto were denied, and judgment was entered for $5,000 with interest of $262.50 from February 17, 1934, to January 3, 1935. The case is here on appeal by the Liberty Baking Company from that judgment. The appellant has presented three reasons why the judgment should be reversed:

1. There was no negligence on the part of the appellant that was the proximate or contributing cause of the accident, which resulted in the death of Kellum.

Bashore says that he had gone no more than the length of a car traveling about 10 miles an hour after he turned before his car was struck. But he again said that his "car was almost across the intersection" when the car was struck; that when he first saw the appellant's truck, it was 250 or 300 feet away going at a speed of 25 miles an hour, but increased its speed until it struck the automobile, when it was running about 45 miles an hour.

Walter G. Mann, the driver of the truck, testified that the morning was clear, visibility was good, his lights were on, he had driven his truck for five years; that the moment he realized the automobile was making a left turn, he swerved his truck with one hand, applied the foot brake, reached for the emergency brake, and headed his truck at an angle, but was unable to stop the truck until it had struck the automobile with such force as to turn it completely around and had gone upon the sidewalk on the opposite side of the street with the rear wheels up against the curb. It was for the jury to say whether or not under these circumstances the deceased was guilty of contributory negligence and whether or not the person in charge of the truck was driving at a dangerous and reckless rate of speed without having it under proper control and without keeping a proper lookout when approaching the crossing, whether or not he was exercising that degree of care which a reasonably prudent man would and should have exercised under the circumstances.

Under the comprehensive charge of the learned district judge, the jury in reaching its verdict determined that the Liberty Baking Company was *solely* negligent and that its negligence was the sole cause of the accident which resulted in the death of Kellum.

2. The plaintiff's decedent and the operator of the motor vehicle in which he was riding were engaged in a joint enterprise, and the negligence of the operator is to be imputed to the decedent and no recovery may be had against the appellant.

This is the second reason appellant offers as to why the judgment should be reversed. But the facts as determined by the jury make this question academic. The jury found that Bashore, driver of the automobile, was not negligent, that there was no "concurring negligence" between him and the Liberty Baking Company, but that the Liberty Baking Company was solely

negligent and its negligence caused the accident. There was, therefore, no negligence of Bashore to be imputed to the deceased. These questions under the evidence were for the jury and could not have been decided as a matter of law. The evidence supports the findings and they are accordingly final.

But as a matter of law there does not seem to have been a joint enterprise between Bashore and Kellum. Kellum had no right to control, manage, or direct the automobile. In order to establish a joint enterprise between two persons riding in an automobile it is necessary to show not only a common purpose to be served in the use of the car, but that the " 'injured person had some right to a "voice in the control, management, or direction of the vehicle." ' * * * The mere fact that the two parties were riding together toward the same destination was not sufficient to effect a common purpose." Carlson v. Erie Railroad Co., 305 Pa. 431, 437, 158 A. 163, 80 A. L. R. 308; Winters v. York Motor Express Co., 116 Pa. Super. 421, 176 A. 812. Chief Justice Martin in the case of Stearns v. Lindow et al., 63 App. D. C. 134, 70 F.(2d) 738, 740, tersely stated this rule of law as follows: "To constitute joint enterprise in such a case there must be not only joint or community interest, but also an equal right express or implied to direct and control the management and movement of the car. Here the evidence fails to show either joint or separate control over the operation of the car while upon the journey." In this case Kellum had no *right* or *voice* whatever in the control or management of the automobile, and as a matter of fact the evidence shows that Watson and not Kellum told Bashore to turn left on Herron avenue. The court did not err under the evidence in this case in refusing to charge the defendant's point as to joint enterprise between Bashore and Kellum.

3. Appellee failed to carry her burden because the appellant is a corporation, and can act only through duly authorized agents, acting within the scope of their authority and on the business of the corporation, and no such agency was averred or proved.

The above is the third reason which appellant says entitles it to a reversal. It appears that the truck bore the name on its sides of the Liberty Baking Company. It further appears that defendant admitted the ownership of the truck in the pleadings. This raises a presumption that the truck belonged to the corporation whose name it bore. Where, as here, the vehicle is used for business purposes, the fact that it bears the name of defendant is sufficient to raise a presumption that the truck belongs to the defendant and that it was driven by defendant's servant acting within the scope of his employment and in the line of his duty. Williams v. Ludwig Floral Co., 252 Pa. 140, 97 A. 206; O'Malley v. Public Ledger Co., 257 Pa. 17, 101 A. 94; Holzheimer v. Lit Bros., 262 Pa. 150, 105 A. 73; Sieber v. Russ Bros. Ice Cream Co., 276 Pa. 340, 120 A. 272. This evidence in the absence of any denial will support the verdict.

In any event, this question is raised here for the first time. It was in no way called to the attention of the trial judge and it would be unfair to convict him of an error on a question not raised below and never called to his attention. Mercantile Mutual Insurance Co. v. Folsom, 18 Wall. (85 U. S.) 237, 248, 21 L. Ed. 827; Montana Railway Co. v. Warren, 137 U. S. 348, 350, 11 S. Ct. 96, 34 L. Ed. 681; Gila Valley, Globe & Northern Railway Co. v. Hall, 232 U. S. 94, 98, 34 S. Ct. 229, 58 L. Ed. 521; Duignan v. United States, 274 U. S. 195, 200, 47 S. Ct. 566, 71 L. Ed. 996; Blair v. Oesterlein Mach. Co., 275 U. S. 220, 225, 48 S. Ct. 87, 72 L. Ed. 249; Hatcher v. Northwestern National Insurance Co., 184 F. 23 (C. C. A. 8).

The judgment is affirmed.

Order sur Petition for Rehearing.

In the opinion of this court filed on September 30, 1935, in the above-entitled cause, the statement was made that: "The jury found that Bashore, driver of the automobile, was not negligent, that there was no 'concurring' negligence between him and the Liberty Baking Company, but that the Liberty Baking Company was solely negligent and its negligence caused the accident. There was, therefore, no negligence of Bashore to be imputed to the deceased." This was a misstatement of fact, as indeed the opinion also states that "the jury returned a verdict for $5,000 against both defendants."

Notwithstanding the misstatement of fact noted above, the opinion of this court holds that the facts under the law did not establish a joint enterprise between Bashore and Kellum. The court believes that the conclusion in its opinion was correct, and the petition for rehearing is therefore denied.