### TEXAS CO. v. HOOD et al.

No. 11792.

Circuit Court of Appeals, Fifth Circuit.

May 9, 1947.

Rehearing Denied May 31, 1947.

McCORD, Circuit Judge, dissenting.

Hoyet A. Armstrong and James Herbert Walker, both of Dallas, Tex., for appellant.

O. B. Fisher, of Paris, Tex., and C. C. McKinney, of Cooper, Tex., for appellees.

Before McCORD, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

There was a collision between the Defendant's truck and the automobile of the Plaintiff's husband which resulted in the death of the latter. The Plaintiff placed on the stand no eye witnesses to the accident and no direct testimony as to any negligence on the part of the Defendant. Plaintiff's witnesses saw signs in the highway after the wreck, from which her counsel argue that the inference should be drawn that the accident happened on the decedent's side of the road (the south side), and from which the further inference should be drawn that the driver of the Defendant's truck was guilty of negligence proximately causing the death of Plaintiff's husband. There was dirt in the highway which the Plaintiff's counsel presume was jarred from the decedent's automobile. There was a spot of oil at or near the center of the highway, which they presume came from the decedent's automobile. There was a dent in

the concrete in the highway, which one witness for the Plaintiff placed south of the center stripe of the highway, but which the overwhelming testimony shows was over on the north side, which they also presume was made by the decedent's automobile when its left front wheel was knocked off. The position of the truck of the Defendant after the accident was variously placed at from sixty to two hundred feet or more from the point of impact, from which Plaintiff's counsel also insist that the inference should be drawn that the truck was traveling at an excessive rate of speed.

The witnesses are by no means agreed as to the circumstances that are in evidence by which the Plaintiff sought to justify her allegations of negligence on the part of the Defendant. The Sheriff, the Deputy Sheriff, the Justice of the Peace, and the farmer who lived in the neighborhood, all testified that the hole in the pavement was on the truck's side of the center line of the highway, and that over and across the center line of the highway there was rubbish, oil, and debris. The doctor observed a broken liquor bottle in the decedent's automobile but it was not shown that the decedent was under the influence of liquor. The undertaker's helper took the body out of the car, but he was unable to say that the odor came from the decedent or from the broken bottle of liquor. The case might be difficult if its solution were dependent entirely upon evidence of the physical circumstances.

The only eye witnesses to the accident were the three employees of the Defendant who were riding in the truck. Each of these men took the stand. Their testimony is clear, unequivocal, uncontradicted, and unimpeached. Stanley Johnson, the driver of the truck testified: that the accident occurred between six and seven o'clock P. M.; that all the lights, including side lights, front lights, and clearance lights, on the truck were burning; that the truck was traveling thirty to forty miles per hour and proceeding on the north side, or proper side, of the center mark of the highway; that it was traveling uphill as it came near to the point of collision; that he saw the deceased's car for the first time when it came over the hill; that the car was going at a higher rate of speed than the truck and

when the car got very near to the truck it "whipped over and ran into the truck; that he was thrown out of the truck; that the truck was carrying a load of powder and dynamite. The witness did not know whether the truck turned over or not.

H. C. Partain, who was also riding in the truck as an employee of the company but who had not worked for the company for approximately two years, gave testimony that was substantially the same as that of the driver except that he says the truck turned over after the collision. He also was thrown out. This witness testified that when the decedent's car came over the hill it was over the center line but that deceased "kind of pulled it over and got back on his side of the road and whenever we got about, nearly to it, he pulled back into us."

W. L. Miner, an employee of the Defendant who had not been working for the Defendant for six or seven months before the trial, was also riding in the truck. His testimony fully corroborated the testimony of the truck driver and the witness, Partain. He also thought the truck had turned over, but neither he nor Partain seemed to be very clear on that subject. He testified that the truck was over on the right of the center line and as Mr. Hood came over the hill the latter crossed back to his side of the center line of the highway but that he thereafter pulled back over on the truck's side and into collision with the truck. The witness also testified that the truck carried two hundred pounds of dynamite.

 The circumstance that the truck may have been two hundred or more feet from the point of the collision is without any significance in view of the undisputed fact that upon the collision the driver was thrown out of the truck and it was, therefore, without a driver to guide it or bring it to a halt. No imputation of excessive speed can be drawn from this circumstance in the light of the undisputed testimony.

 If the accident was caused by the deceased pulling his automobile over into the truck, as testified to by the three eye witnesses, the dent in the pavement, the dirt and the oil spot on the road, as well as all other circumstances shown by Plain-

tiff's witnesses, could have been produced. The circumstances sought to be shown by Plaintiff, even if all were admitted to have been proven, are entirely consistent with the positive, uncontradicted, and unimpeached testimony of the three eye witnesses as to how the collision occurred. Where two equally justifiable inferences may be drawn from the facts proven, one for and the other against the Plaintiff, neither is proven, and the verdict must be against him who had the burden of proof. Pennsylvania R. Co. v. Chamberlain, 288 U.S. 333, 53 S.Ct. 391, 77 L.Ed. 819. Moreover, where the Plaintiff's right of recovery depends upon the existence of a particular fact being inferred from proven facts, such inference is not permissible in the face of the positive and otherwise uncontradicted testimony of unimpeached witnesses whose testimony is consistent with the facts actually proven, and which uncontradicted evidence shows affirmatively that the facts sought to be proved did not exist. Pennsylvania R. Co. v. Chamberlain, supra.

In Arnall Mills v. Smallwood, 5 Cir., 68 F.2d 57, 59, this Court said:

"Although the circumstances may support the inference of a fact, if it is shown by direct unimpeached, uncontradicted, and reasonable testimony which is consistent with the circumstances that the fact does not exist, no lawful finding can be made of its existence. Pennsylvania R. Co. v. Chamberlain, 288 U.S. 333, 53 S.Ct. 391, 77 L.Ed. 819; Winn v. Consolidated Coach Corporation, 6 Cir., 65 F.2d 256; citing cases."

See Bonner v. The Texas Co., 5 Cir., 89 F.2d 291; Cruse v. Union Central Life Insurance Co., D.C., 59 F.Supp. 504; Mutual Life Insurance Co. of New York v. Sargent, 5 Cir., 51 F.2d 4; Deposit Guaranty Bank & Trust Co. v. United States, D.C., 48 F.Supp. 369; and Stone v. Stone, 78 U.S.App.D.C. 5, 136 F.2d 761.

Furthermore, as the Supreme Court of Texas held in International Travelers' Association v. Bettis, 120 Tex. 67, 35 S.W.2d 1040, 1044:

"Neither the pleadings nor the proof can be left open to conjecture and guesswork. A presumption of a fact cannot rest upon a fact presumed."

To sustain the Plaintiff's contention it would be necessary to presume: (1) That the dirt and the oil came from the decedent's automobile; (2) that decedent's automobile was on its side of the center line of the highway when the dirt and the oil were knocked from it; (3) that the decedent's car did not turn into the truck; (4) that the driver of the Defendant's truck was negligent; (5) that the Defendant's negligence was the proximate cause of the injury; (6) that the three uncontradicted, unimpeached, and disinterested witnesses as to how the accident occurred swore falsely. Such a pyramiding of inferences is not permissible under the law of Texas.

A verdict and judgment cannot be predicated on conjecture alone. The Defendant's motion for a directed verdict should have been sustained. The judgment of the lower Court is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.

McCORD, Circuit Judge (dissenting).

The truck of the defendant, weighing about 8500 pounds and loaded with dynamite, met and collided with the Chevrolet automobile of James B. Hood about early dark on a broad highway, and Hood was killed instantly. At the time of the accident, the truck was being driven by Stanley Johnson, and two companions were sitting with him on the driver's seat. The truck was running upgrade at the time of the collision, and the driver and his two companions testified that the truck was traveling on its extreme right side of the highway. The surface of the road at the scene was 34 feet wide, having on each side a concrete slab ten feet wide and a rock shoulder seven feet wide, of which shoulder a six-foot strip adjacent to the concrete slab was topped.

It becomes manifest, I think, that if the evidence of the three occupants of the truck was true that the truck was moving *on its extreme right side of the road,* no accident could have happened, as in fact it did, near the marked center line of the highway. The jury was, therefore, warranted in discrediting the evidence of these witnesses.

 

The Chevrolet automobile which Hood was driving was hit on the side and the impact tore out the driver's side of the vehicle and crushed Hood's skull. Every physical fact indicated that the truck was traveling at a rapid rate of speed, and that after the impact the truck continued up the road about seventy-five yards, turning over one or more times and coming to rest on its wrong side of the road. Occupants of the truck were thrown from the cab, landing on different sides of the road. The place of impact on the body of the automobile, and the debris, oil spots, and marks at and to the left of the center line of the highway permitted a finding that the accident occurred near the center of the highway and on the truck's wrong side of the road.

There is not one shred of evidence to be found in the record that Hood had been drinking. The bottle of liquor found broken in the car had an unbroken seal. It is without dispute that the neck of the bottle, with the seal intact, was found by the sheriff, a witness for the defendant.

James B. Hood's version of how the accident occurred cannot be had, for death has sealed his lips. The jury was required, therefore, to consider the case on the evidence of the three occupants of the truck and the physical facts of the scene. The defendant's witnesses said the truck was traveling on its extreme right side of the highway and that Hood turned into the truck, but the physical facts cast doubt upon their testimony. The jury heard the witnesses and observed their demeanor on the stand. The jury heard the evidence of the physical facts—the manner of damage to the car, and the location of debris, oil spots, and marks on the road. The jury weighed all the evidence and found that the physical facts spoke louder and truer than did the testimony of defendant's witnesses. This court now takes the printed record and credits the testimony of witnesses for the defendant and brushes aside the considered verdict of the jury. In effect, the majority decides the case as if this court were a jury trying the case and weighing the evidence and drawing inferences therefrom for the first time. It is an "undue invasion of the jury's historic function for an appellate court to weigh the conflicting evidence, judge the credibility of witnesses and arrive at a conclusion opposite from the one reached by the jury." Lavender v. Kurn, 327 U.S. 645, 652, 66 S.Ct. 740, 744; Dixie Motor Coach Corp. v. Lane, 5 Cir., 116 F.2d 264; Liberty Baking Co. v. Kellum, 3 Cir., 79 F.2d 931.

I think the judgment should stand.

I respectfully dissent.