EDWARD DUFRESNE *vs.* MAURICE S. COOPER.

MARY J. DUFRESNE *vs.* SAME.

FEBRUARY 1, 1940.

PRESENT: Flynn, C. J., Moss, Baker and Condon, JJ.

Condon, J.   These actions of trespass on the case for negligence were tried together before a justice of the superior court sitting with a jury.   At the conclusion of the plaintiffs' evidence they were adjudged nonsuit on the motions of the defendant.   The cases are here on each plaintiff's exception to the ruling of the trial justice.

The actions arose out of a collision between an automobile and a motor truck at the intersection of two public highways in the town of East Providence.   The automobile was owned by plaintiff Mary J. Dufresne, and was operated at the time of the collision by her husband, plaintiff Edward Dufresne.   Each plaintiff alleged that the truck was owned by the defendant, Maurice S. Cooper.

Mary J. Dufresne is suing the defendant for damages to her automobile caused by the collision and Edward Dufresne is suing for personal injuries.   For convenience we shall hereinafter refer to the cases as though there was only one case, brought by Edward Dufresne.   At the trial the plaintiff testified that the truck, which collided with the automobile operated by him, had painted on its side the words "Cooper's Ice Cream".   This was the only evidence offered to connect defendant Maurice S. Cooper with the accident. There was no evidence of any kind whatsoever that Maurice S. Cooper owned this truck or that it was being operated by him either personally or by agent at the time of the accident. Indeed, there was no evidence that defendant was engaged in the ice cream business and no evidence even tending to

show that the truck involved in the accident belonged to him. The plaintiff relied solely on the bare testimony of the name "Cooper" appearing on the side of the truck to make out a *prima facie* case sufficient to force defendant to go forward with his evidence.

On this state of the evidence the trial justice adjudged the plaintiff nonsuit on the ground that there was a clear failure to connect the defendant with the accident. We are of the opinion that this decision was correct for the reason given by the trial justice.

The plaintiff contended here that a *prima facie* case of ownership is made out where there is evidence that the name of the defendant appeared on the vehicle involved in the collision. And he relies principally on *Holzheimer* v. *Lit Bros.*, 262 Pa. 150; 9 Blashfield, Cyc. Automobile Law & Practice (Perm. ed.) § 6271; Berry, Automobiles (5th ed.) § 1210, and cases cited in these texts. However, in the cases there cited and in the *Holzheimer* case, the evidence tending to prove ownership was substantial.

In almost all of those cases the defendant was a corporation, the corporate name was on the vehicle, the vehicle was being used at the time of the accident in a manner tending to show a connection with the defendant's business, and in some instances those facts were accompanied by evidence of admissions, or admissions in defendant's pleas tending to show ownership by the defendant. In the instant case we have only the bare testimony of the name "Cooper" or "Cooper's Ice Cream" on the side of the truck. In the absence of any evidence tending to show that defendant Maurice S. Cooper was in the ice cream business or that he used a truck similarly lettered on the side, the above testimony did not reasonably tend to connect the defendant with the accident in question.

Plaintiff contended further that the form of certain questions addressed to him in cross-examination by defendant's

counsel amounted in each instance to an admission by the defendant that the truck involved in the accident belonged to him. We have carefully examined the transcript where such questions appear and we are of the opinion that the plaintiff's contention is without merit.

The defendant's motion for a nonsuit was correctly granted. Each plaintiff's exception is overruled and each case is remitted to the superior court for entry of judgment on the nonsuit.

*William H. McSoley, William H. McSoley, Jr., Harry A. Smith,* for plaintiffs.

*Quinn & Quinn, Michael De Ciantis,* for defendant.